151 So.2d 642 (1963)
Bob HARRIS, Ray Greene, Lem Merrett, Julian E. Warren and Fletcher Morgan, as Members of the Board of County Commissioners of Duval County, Florida, St. Johns Enterprises, Inc., a corporation, and Sskib Corporation, a corporation, Appellants,
v.
H.A. GOFF, individually, and as President of Arlingwood Civic Association, a corporation not for Profit under the Laws of Florida, and Robert T. MacGill, individually and as President of Alderman Park Civic Association, a corporation, not for profit under the laws of Florida, Appellees.
No. E-86.
District Court of Appeal of Florida. First District.
April 9, 1963.
J. Henry Blount, Frederick H. Lenczyk, and Thomas D. Oakley, Jacksonville, for appellants.
John S. Duss, Jacksonville, for appellees.
*643 WIGGINTON, Judge.
This interlocutory appeal presents for our decision the single question as to the proper method of obtaining judicial review of a county zoning resolution or ordinance.
The complaint in this case alleges that after public hearing appellant board adopted a resolution rezoning a parcel of land in Duval County, changing the use classification from rural to business. Appellees objected to the adoption of the resolution at the public hearing held by the Board, and its subsequent petition for rehearing on the board's action was denied. The public hearing was held pursuant to published notice, but no witnesses were sworn, no testimony was taken, no evidence was adduced and no record of the proceedings was made.
After exhausting their administrative remedies appellees brought this suit in which they allege that the resolution in question is unreasonable, arbitrary and confiscatory. It is further alleged that as applied to their property the resolution deprives them of equal protection of the laws and constitutes a taking of their property without due process of law contrary to the guarantees of our State Constitution. The complaint prays for a decree declaring the resolution null, void and of no effect, and for an injunction restraining the board from enforcing or giving effect to the resolution and enjoining other defendants from using the rezoned land except for purposes permitted by the original zoning ordinance previously in effect.
The statute authorizing the board to zone and rezone property in the county provides that its ordinances and resolutions shall not become effective until after a public hearing of which notice is given by two weeks publication in a newspaper.[1] The statute further provides that any person aggrieved by any zoning ordinance or resolution adopted by the Board may apply to the Circuit Court of the County for relief. The statute does not provide the procedure to be followed in seeking the relief permitted thereby.
Appellant board moved to dismiss the complaint on the ground that the only proper method for reviewing the board's action is by certiorari, and that appellees' attempt to assault the board's action in a direct proceeding brought in equity for injunction is unauthorized. From an order denying appellants' motion to dismiss the complaint this interlocutory appeal is taken.
Appellants rely for reversal upon Rule 4.1, Florida Appellate Rules, 31 F.S.A., which provides that: "All appellate review of the rulings of any commission or board shall be by certiorari as provided by Florida Appellate Rules." Summarized, it is appellants' position that the foregoing rule is exclusive and the procedure prescribed therein must be followed in all cases wherein review of the ruling of any board or commission is sought.
In the DeGroot case[2] our Supreme Court, speaking through Mr. Justice Thornal, devoted a substantial part of its opinion to an explanation of the manner in which rulings of administrative boards, commissions and agencies may be reviewed by the judicial branch of government. It is there held that where the statute under which the board or agency purports to act requires notice and hearing, and the judgment of the board is contingent on the showing made at the hearing, then its judgment becomes judicial or quasi-judicial in character. It was there held that the decision of the board in that case was reached only after a full hearing pursuant to notice based on evidence submitted in accordance with the statute involved. A record of the proceedings was made which was susceptible *644 of review by the court in certiorari proceedings.
In the Bloomfield case[3] this court was confronted with a similar problem regarding the appropriate method of reviewing the action of an administrative agency. In that case we held that before an administrative order may be considered quasi-judicial in character and therefore subject to review by certiorari, the statute authorizing the entry of such an order must also require that the administrative agency give due notice of a hearing to be held on the question to be considered, and provide a fair opportunity to be heard in a proceeding in which the party affected is accorded the basic requirements of due process of law. Such requirements must afford the affected party the opportunity of being present in person and by counsel, to present evidence in support of his position and to cross-examine adverse witnesses whose testimony is offered at the hearing. If the board, agency or commission intends to insist that its ruling or order to be entered upon the showing made at the hearing be reviewed only by certiorari, the obligation rests upon the board or agency to see that a proper record of the entire proceeding is made, which record shall include its ultimate findings and conclusions. In DeGroot, supra, we were reminded that certiorari is a discretionary writ bringing up for review by an appellate court the record of an inferior tribunal or agency in a judicial or quasi-judicial proceeding. It was held that in certiorari, the reviewing court will not undertake to reweigh or evaluate the evidence presented before the tribunal or agency whose order is under examination, but will merely examine the record made to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which must also accord with the essential requirements of law. In Bloomfield, supra, we held that since no record had been made of the proceedings conducted by the administrative agency there concerned, there was no record capable of being reviewed on a proceeding in certiorari. The action by the administrative agency in Bloomfield was held to have been executive rather than quasi-judicial in character, and therefore not reviewable by the process of certiorari.
Reverting to Florida Appellate Rule 4.1 we are convinced, and so held in Bloomfield, supra, that the review by certiorari of the rulings of commissions and boards as authorized thereby pertains only to such rulings as have been made in a quasi-judicial proceeding, and which are quasi-judicial in character as distinguished from those which are purely administrative or legislative in character. Since the zoning ordinance under attack in this case is not quasi-judicial in character, and was entered pursuant to a hearing having none of the characteristics or safeguards of a quasi-judicial proceeding, it cannot be made the subject of appellate review by certiorari. The "fairly debatable" rule by which the reasonableness of zoning ordinances or resolutions is tested would be impossible of application in the absence of a record of the hearing containing the evidence upon which the questioned action is predicated.
This holding does not apply to zoning ordinances adopted by municipalities proceeding in accordance with the provisions of Ch. 176, F.S.A. This statute specifically provides that review of municipal zoning ordinances adopted pursuant thereto may be had by writ of certiorari issued by the courts in which complaint against the ordinance is filed, and the proceedings had thereon will be in the nature of a trial de novo. An explanation of the operation of this statute was made by our Supreme Court in the Josephson case.[4] It is noted, *645 however, that this statute has no application to boards of county commissioners adopting zoning ordinances or resolutions pursuant to other statutory authorization.
It has been uniformly held in this state that the function of a board or commission in the enactment of zoning ordinances is a purely legislative function.[5] The decisions on this subject dispel any contention that a zoning ordinance or resolution is quasi-judicial in character.
Suits in equity seeking injunctive relief against a zoning ordinance or resolution on the ground that it is arbitrary, capricious, confiscatory or impinges on some right or guarantee of the Constitution of this State has long been the traditional method of assaulting the validity of zoning ordinances or resolutions. As said by the Supreme Court in De Groot, supra: "Injunction has been many times employed to assault legislative action at the state and local level where such action allegedly impinged on some constitutional right. Attacks on municipal zoning ordinances are typical." The foregoing procedure has been repeatedly recognized, and approved by the appellate courts of this state.[6]
Based upon the foregoing authorities it is our conclusion, and we so hold, that the suit in equity instituted by appellees to directly attack the validity of the questioned zoning resolution adopted by appellant board is properly brought, and the chancellor was correct in denying appellant's motion to dismiss the complaint on the ground that the procedure adopted was improper and unauthorized. The order appealed is accordingly affirmed.
CARROLL, DONALD K., Chief Judge, and STURGIS, J., concur.
NOTES
[1] Ch. 17833, Laws of Florida, 1937, as amended by Ch. 25510, Laws of Florida, 1949.
[2] DeGrott v. Sheffield et al., (Fla. 1957) 95 So.2d 912
[3] Bloomfield v. Mayo, (Fla.App. 1960) 119 So.2d 417.
[4] Josephson v. Autry, et al., (Fla. 1957) 96 So.2d 784.
[5] Alianell v. Fossey, et al., (Fla.App. 1959) 114 So.2d 372; Schauer et al. v. City of Miami Beach, et al. (Fla. 1959) 112 So.2d 838, 71 A.L.R.2d 562; Josephson v. Autry, et al., see footnote 4.
[6] Friedland, et al. v. City of Hollywood et al., (Fla.App. 1961) 130 So.2d 306; Schauer et al. v. City of Miami Beach, et al., see footnote 5; Hartnett et al. v. Austin et ux. (Fla. 1956) 93 So.2d 86; Mayer et al. v. Dade County, (Fla. 1955) 82 So.2d 513.