164 So.2d 881 (1964)
DADE COUNTY, a political subdivision of the State of Florida, et al., Appellants,
v.
Seymour and Gerald MARKOE, Appellees.
No. 63-438.
District Court of Appeal of Florida. Third District.
June 2, 1964.
Rehearing Denied June 23, 1964.
Darrey A. Davis, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Watson & Watson, Burton M. Cohen, Miami, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
The Board of County Commissioners of Dade County, respondents below, seek review of a final order which granted the appellees' petition for certiorari and quashed a zoning resolution of the commission.
In early 1962, the appellees applied for a change of zoning on their property from residential to neighborhood business. The Building and Zoning Department of Dade County recommended that the change be denied. After notice and hearing the Zoning Appeals Board also recommended to the appellant commission that the requested change be denied. The matter then came on to be heard before the Board of County Commissioners on July 12, 1962, at which time the commission overruled the recommendations of the Zoning Appeals Board and granted the appellees' requested rezoning by the enactment of resolution #Z-211-62.
On or about July 20, 1962, a neighboring property owner and others requested that the matter be reheard and reconsidered, stating as grounds for their request that the commission had relied upon certain mistaken facts in enacting the resolution. The commission subsequently notified the parties that the matter would be reconsidered and upon a second hearing, on September 6, 1962, heard arguments on both sides of the question as to whether it should reconsider its decision on the requested zoning change. As a result of the September 6, 1962, hearing, the commission adopted resolution #Z-227-62, rescinding resolution #Z-211-62, thus re-establishing the original zoning classification.
The appellees petitioned for certiorari in the circuit court pursuant to § 33-316[1] *882 of the Code of Metropolitan Dade County, in effect challenging the validity of the county commission's action in rescinding its first resolution. After hearing, the circuit court entered the final order granting the petition and quashing resolution #Z-227-62. The appeal is from this order.
We pretermit a discussion of the merits of this appeal to note a serious jurisdictional question, i.e., did the circuit court, under a review by traditional certiorari, have the power and authority to nullify the actions of the appellant commission? We conclude that it did not.
The petition for certiorari filed in the circuit court was pursuant to § 33-316 of the Code of Metropolitan Dade County, and is not to be confused with the statutory certiorari providing for review of decisions of municipal boards of adjustment under the provisions of § 176.16, Fla. Stat., F.S.A. In the latter (statutory) review by certiorari upon the grounds of illegality of the decision is permitted. This has been construed to hold that in certiorari proceedings under the aforesaid statute, a party may attack the constitutionality or validity of a zoning ordinance under which he has unsuccessfully sought a variance or exemption. This statutory certiorari is considered de novo proceedings and the court is permitted to take testimony relative to the alleged claims of illegality. See Union Trust Company v. Lucas, Fla.App. 1960, 125 So.2d 582. Such, however, is not permitted in traditional certiorari to review the actions of boards and administrative bodies where they are exercising judicial or quasi-judicial powers and are not within the ambit of § 176.16, supra.
No testimony was taken in this cause and the court determined the matter as a question of law upon the record of the proceedings before the appellant commission. The court determined and based its conclusion upon the fact that the county commission, in a reconsideration of the prior resolution and the subsequent passage of the nullifying resolution, was acting in a legislative capacity. The court reasoned that since the first resolution was final, there was nothing before the commission from a legislative standpoint to reconsider.
The appellees, as their petition reflects, ground their right to relief upon the charge that the commission acted without authority in reconsidering the first resolution and in enacting the second resolution. There is no authority of which we are aware that permits a court, in traditional certiorari proceedings, to inquire into and review the acts of a legislative body. Likewise, a court is not permitted to inquire into the motives of a legislative body in the enactment of legislation. Schauer v. City of Miami Beach, Fla. 1959, 112 So.2d 838, 71 A.L.R.2d 562. The entire thrust of the petition is directed to the lack of authority in the commission to rescind, by its second resolution, the first resolution which rezoned the property. The circuit court found, and we think correctly, that the action of the commission in enacting the second resolution was legislative in character. This being so, there was nothing to review, for only those decisions which have a judicial or quasi-judicial character are subject, in proceedings of this nature, to review.
A complete and erudite treatment of the question discussed here is contained in an *883 opinion by Judge Wigginton of the First District Court of Appeal in the case of Harris v. Goff, Fla.App. 1963, 151 So.2d 642. See also Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417; Josephson v. Autrey, Fla. 1957, 96 So.2d 784, and De Groot v. Sheffield, Fla. 1957, 95 So.2d 912.
We conclude that the appellees misconceived their remedy and that the circuit court was without jurisdiction to grant the relief prayed for by the petition for certiorari. It follows that the questioned order appealed should be and is hereby reversed without prejudice. The cause is remanded with directions to dismiss the petition.
Reversed and remanded with directions.
NOTES
[1] "No person aggrieved by any zoning resolution order, requirement, decision or determination of an administrative official or by any decision of the zoning appeals board may apply to the court for relief unless he has first exhausted the remedies provided for herein and taken all available steps provided in this article. It is the intention of the board of county commissioners that all steps as provided by this article shall be taken before any application is made to the court for relief; and no application shall be made to the court for relief except from resolution adopted by the board of county commissioners, pursuant to this article. In view of the lack of a legislatively prescribed method to apply to a court of competent jurisdiction to review a decision of the board of county commissioners, when adopted pursuant to this article, it is intended and suggested that such decisions may be reviewed by the filing of a petition for writ of certiorari in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in accordance with the procedure and within the time provided by the Florida Appellate Rules for the Review of the rulings of any commission or board." [Emphasis supplied]