190 So.2d 202 (1966)
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellants,
v.
METRO IMPROVEMENT CORPORATION, a Florida Corporation, Appellee.
No. 65-895.
District Court of Appeal of Florida. Third District.
September 20, 1966.
Rehearing Denied October 10, 1966.
*203 Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
Williams, Salomon & Kenney, Miami, for appellee.
Before HENDRY, C.J., PEARSON, J., and KING, JAMES LAWRENCE, Associate Judge.
KING, JAMES LAWRENCE, Associate Judge.
The appellants seek review of the entry of a writ of certiorari by the Circuit Court quashing action by the Board of County Commissioners of Dade County, instructing the Director of Zoning to apply for a change of zoning on property owned by appellee, Metro Improvement Corporation.
Early in 1965, Metro Improvement Corporation applied for a district boundary change of its property from IU-1 (light industrial) to RU-4M (modified apartment houses). After exhausting its administrative remedies, Metro Improvement Corporation was granted a hearing by the Board of County Commissioners sitting as an appellate review body on March 18, 1965. At that time appellee and certain objectors to the proposed rezoning appeared before the County Commissioners and presented testimony, pictorial and graphic evidence of the property involved and fully argued their respective positions.
At the conclusion of the presentations the County Commission formally adopted a resolution changing the zoning of appellee's property from IU-1 to RU-4L. RU-4L is a more restrictive multifamily zoning than is RU-4M, as applied for by the appellee. No appeal from this final action by the Commission was taken by any of the parties.
Prior to the expiration of the time for taking an appeal, the original opponents of the zoning presented to the Commission a letter asking for a reconsideration of the zoning of the appellee's property. The request was based upon facts set forth in a letter dated June 24, 1965, from the Federal Housing Authority stating that the property involved was no longer subject to F.H.A. commitment for financing.
A second hearing was then scheduled and the County Commission, having been advised *204 by County Attorney that no rehearing is permitted under the provisions of Sections 33-314, 315 of the Charter of Metropolitan Dade County when it sits as an appellate board and takes final action, referred the entire question of the proper zoning of the appellee's property back to the Zoning Director with instructions that the Director rezone the property back to its former classification, IU-1. This was done for the purpose of permitting the matter to be appealed a second time to the County Commission and at which time a second "full-scale hearing" could be had. This constituted an attempt by the Commission to do indirectly which it is not permitted by law to do directly and was the basis for the issuance of the writ of certiorari by the trial judge.
The principal thrust of appellants' argument is that the Zoning Director is authorized by law to apply for rezoning on behalf of the County when so directed by the County Commission. We do not agree with this contention.
The Charter of Metropolitan Dade County, Section 33-316, prescribes the sole method whereby a person who has been aggrieved by a decision of the Board of County Commissioners in action taken by that Board related to zoning matters, may take an appeal. It provides:
"In view of the lack of a legislatively prescribed method to apply to a court of competent jurisdiction to review a decision of the board of county commissioners, when adopted pursuant to this article, it is intended that such decisions shall be reviewed by the filing of a petition for writ of certiorari in the Circuit in and for Dade County, Florida, in accordance with the procedure and within the time provided by the Florida Appellate Rules for the review of the rulings of any commission or board, which rules of procedure are hereby adopted by reference."
The appellant County, having adopted a procedure for appeal in Section 33-315, which is part of a Charter providing that these remedies are exclusive, could not avoid the impact of their own Charter by indirectly ordering the Director of Zoning to unilaterally rezone appellee's property and bring it back for a second full-scale hearing. The trial judge was eminently correct in holding that the appellant Commissioners, in adopting the procedure here utilized, was attempting to do something indirectly that which they could not do directly.
There must be some finality to actions taken by the Board of County Commissioners on zoning matters. Under the provisions of Section 33-315 of the Charter, action taken by the County Commission sitting as an appellate board for one of the lower echelon zoning authorities is final action. The Commission may, at its discretion, do three things other than taking final action as defined in Section 33-315, (1) it may defer action on a matter before it in order to inspect the site in question; (2) it may refer the matter back to the zoning appeal board for further consideration and recommendation; (3) it may refer the matter to any department for its recommendation but when final action in the nature of rezoning, or a denial of rezoning, is taken by the Board, then the next procedural step is judicial review.
We have examined the other point raised by appellants and find it to be without merit. The judgment of the trial court in its issuance of a writ of certiorari is affirmed.
PEARSON, Judge, dissents.