CHARLES CARROLL, Chief Judge.
This is an appeal by the plaintiff below from an order dismissing its amended complaint, on motion of the defendant.
Plaintiff made application for a zoning boundary change, to liberalize the zoning on its property from RU-1, single family residence, to BU-3, liberal business. After a hearing on notice th'e county zoning appeals board recommended that the application be granted. The county commission disapproved the recommendation.[1]
Following the action of the county commissioners, plaintiff filed a suit in equity reciting the proceedings outlined above, charging that the hearing before the zoning appeals board was conducted in a manner which departed from essential requirements of law in that witnesses were permitted to make arguments before the board without being sworn or cross examined, and that the county commission departed from essential requirements of law in that the hearing there “was informal in nature in that witnesses making arguments before the board were neither sworn, nor opportunity presented to cross examine them,” and because the recommendation of the zoning appeals board which was considered by the county commissioners was not filed in evidence. The complaint charged that on the applicable facts the commission’s ruling was erroneous, arbitrary and amounted to a denial of equal protection of the laws. It was prayed that the county commission be mandatorily enjoined to change the zoning as requested.
As revealed by the order dismissing the amended complaint, the trial court accepted the argument of the county attorney that the method prescribed for review of the commission’s ruling was by certiorari. That decision of the circuit judge is supported by the ruling of this coiirt in Dade County v. Metro Improvement Corporation, Fla.App.1966, 190 So.2d 202, on the authority of which we affirm.
*224 The separate suit filed m this case did not present an attack on the validity of the zoning ordinance, and for that reason the case of Thompson v. City of Miami, Fla.1964, 167 So.2d 841 is not applicable. Here the challenge was to the county commission’s ruling for which review by cer-tiorari is prescribed by § 33-316 of the Code of Ordinances of Metropolitan Dade County.
Affirmed.

. Section 33-312 of the Code of Metropolitan Dade County makes provision for appeals from decisions of the zoning appeals board to the county commission, but excepts therefrom decisions of the appeals board relating to district boundary changes, and provides that such decisions of the zoning appeals board “shall be considered only as a recommendation, which shall be transmitted, together with the zoning appeals board’s record on each such application, to the board of county commissioners for final action by way of approval, disapproval or modification pursuant to § 33-314 hereof.” The latter section provides that after receiving such recommendation of the zoning appeals board concerning the change in a district boundary, “the board of county commissioners after hearing why the recommendation should or should not be adopted shall consider the matter and by resolution either affirm, modify or reverse the recommendation, and such action of the board of county commissioners shall be final; * * * ” with a provision that published notice be given of the time and place of the meeting of the county commission thereon. A subsequent section of the code (33-316) provides for review of zoning decisions of the county commissioners by certiorari in the circuit court.