CHARLES CARROLL, Chief Judge.
By this interlocutory appeal, Metropolitan Dade County seeks reversal of an order of the circuit court denying its motion to dismiss a complaint filed by the appellee seeking to mandatorily enjoin the county to liberalize the zoning on his parcel of property, following refusal of his request before the county commission.
The thrust of appellant’s argument is that since the action of the county commission was by resolution rather than by an ordinance the prescribed method of review was by certiorari, citing and relying on Land Corporation of Florida v. Metropolitan Dade County, Fla.App.1967, 204 So.2d 222, decided by this court following Dade County v. Metro Improvement Corp., Fla.App.1966, 190 So.2d 202.
The appellee contends that proceeding by separate suit was proper because his complaint presents a general challenge to the validity of the zoning ordinance. To the extent the complaint challenges the constitutionality or validity of the controlling zoning ordinance, a separate suit was authorized and the motion to dismiss was properly denied. See City of Miami Beach v. Perell, Fla.1951, 52 So.2d 906; Harris v. Goff, Fla.App.1963, 151 So.2d 642. Such a separate suit would not be appropriate to review the resolution of the county commission sought there on grounds other than a general challenge of invalidity of the zoning ordinance, and in fact in appellee’s brief it is stated that by the present suit the appellee does not seek to have the circuit court review the county commission’s resolution with reference to the bases or grounds on which the appellee there sought a change of zoning.
Affirmed.