237 So.2d 201 (1970)
Otto S. BAKER and Bertha H. Baker, His Wife, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
Nos. 69-796, 69-797.
District Court of Appeal of Florida, Third District.
June 9, 1970.
Rehearing Denied August 4, 1970.
Turner, Hendrick, Fascell, Guilford, Goldstein & McDonald, and S. Alan Stanley, Coral Gables, for appellants.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
The Bakers are owners of certain property situated on North Kendall Drive in the city of South Miami. In 1966, the Bakers made an application for business zoning on the property here involved. The result of the 1966 proceedings was that a small "buffer strip" was allowed to be rezoned from its original zoning of AU to RU-5A. In addition, another portion of the total property, also fronting on North Kendall Drive, continued to be designated in its original status of GU. Thus, the effect of the above reclassifications was to divide the Baker property into three different zonings: that portion fronting North Kendall Drive and extending back to the north for approximately 50 feet bore the designations of GU and RU-5A as indicated above: the balance of the property continued in its former status as AU.
The instant law suit was initiated by the Bakers in 1969 when they again sought to *202 have the existing zoning classifications listed above rezoned to a classification of RU-4L. The initial request for a zoning change was heard before the Zoning Appeals Board, which denied the application.
From the adverse decision of the Zoning Appeals Board, the appellants exhausted their administrative remedies by appealing to the Dade County Commission. The specific rezoning requested was again denied by the commission, and such denial was embodied in resolution No. Z-165-68; moreover, the commission did rezone the property in question from its original zoning of AU and GU, to RU-1, and embodied such rezoning in resolution Z-164-68. Thereafter, the appellants filed two law suits in the Dade County Circuit Court, seeking to review the final determination as to the request for rezoning of their property. The two law suits filed in the circuit court took different forms although both were directed toward the same subject matter. One case was a petition for writ of certiorari to review the adverse decision by the County Commission; the other suit was in equity, specifically directed toward the resolution No. Z-164-68, which rezoned the property in question.
Responding to the two law suits, the county suggested to the court that it require the appellants to "elect their remedy" and, after proceedings, the trial court entered an order dismissing the suit which was filed in equity.
In appeal No. 69-796, the appellants have questioned the propriety of that dismissal. It appears to us that the law suit which is the subject of appeal No. 69-796 was directed toward the resolution of the county commission, rather than presenting a general challenge to the validity of the zoning ordinance. Under such circumstances, the rule is that certiorari is the proper method of challenging the county commission's ruling. Metropolitan Dade County v. Greenlee, Fla.App. 1968, 213 So.2d 485; Land Corporation of Florida v. Metropolitan Dade County, Fla.App. 1967, 204 So.2d 222, cert. denied, 210 So.2d 224; Dade County v. Metro Improvement Corporation, Fla.App. 1966, 190 So.2d 202. The commission's procedure, i.e., utilizing the resolution as a means of denying the request for rezoning, is quasi judicial in nature, Harris v. Goff, Fla.App. 1963, 151 So.2d 642, and certiorari was the proper remedy for review of such quasi judicial proceeding. Dade County v. Metro Improvement Corporation, supra.
The certiorari proceedings, which are the subject of appeal No. 69-797, resulted in the trial court entering its order denying the writ of certiorari. Appellants now contend that the denial was error, and that the present zoning of RU-1 is arbitrary and unreasonable. We can only accept the appellant's argument in part. It appears to us that at least a portion of the Baker property has once before been recognized to bear certain characteristics not attributable to the rest of the property, i.e., the "strip" fronting North Kendall Drive presently designated GU and RU-5A. The above designations obviously are the result of consideration of the fact that the property there was adjacent to one of the county's busiest commercial thoroughfares. In the case sub judice, we feel that the trial court was arbitrary and unreasonable in denying any relief whatsoever (other than the change to RU-1 along with the rest of the property) to that portion of the property in view of its exceptional exposure to business and traffic conditions on North Kendall Drive. However, the northern portion of the property, now zoned RU-1, appears to have been properly dealt with by the court when the rezoning was so granted in order to make that portion uniform with the adjacent properties in the area. The latter zoning is, at the very least, fairly debatable, and as such should be sustained. Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281. In view of the opinion expressed above, we feel that the portion of the property fronting North Kendall Drive, previously designated GU before the entry of the judgment *203 being appealed, should be re-examined by the trial court so that the property in question fronting on North Kendall Drive may be granted a rezoning more liberal than RU-1. Therefore, the order being appealed in case No. 69-797 is hereby affirmed in part and reversed in part, with directions to the court to comply with the directions set forth above.
Affirmed in part; reversed in part with directions.