PER CURIAM.
The appellants filed a complaint in the circuit court for review of a ruling of the Zoning Appeals Board of Dade County. The property involved is located on Key Biscayne, in a district zoned for apartment, houses and hotels (RU-4). The owner thereof filed an application under § 33-309 of the Code of Metropolitan Dade County, for a special exception to increase the permissible height of an intended apartment house building to 270 feet. Section 33-58 of the Code provides that the height of buildings in RU-4 districts shall not be greater than the width of the widest abutting street “except after application is made and permit issued as a result of a *469 public hearing.” The width of the widest street abutting this property was 100 feet.
Based on the owner’s application, the Zoning Appeals Board published notice of hearing thereon and mailed notice to owners of properties lying within 500 feet of the subject property. The authority for the Zoning Appeals Board to grant .a special exception such as that which was applied for here is provided for in § 33-311(d) of the Code, with the guiding considerations therefor set out.
The Code provides that an aggrieved party may appeal a ruling of the Zoning Appeals Board to the Board of County Commissioners and prescribes the period for appeal (14 days) and the procedure therefor. § 33-313. Likewise, by § 33-312 of the Code express provision is made for such authorized appeals to be taken to the Board of County Commissioners within fourteen days from rulings of the Zoning Appeals Board, and it is therein provided that if such an appeal is not taken the ruling of the Zoning Appeals Board shall become final. By a further section of the Code (§ 33-316) it is provided that no per-' son aggrieved by a ruling of the Zoning Appeals Board may apply to the court for relief unless he has first exhausted the appeal remedy prescribed to the Board of County Commissioners, stating further: “It is the intention of the board of county commissioners that all steps as provided by this article shall be taken before any application is made to the court for relief; and no application shall be made to the court for relief except from resolution adopted by the board of county commissioners, pursuant to this article.” In that section of the Code it is further provided that where review is sought (after exhausting administrative remedies) it should be by petition for certiorari to the circuit court. The latter provision conforms to the requirement of the Florida Appellate Rules, 32 F.S.A. (4.1) that “All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules.” Under those rules a petition for certiorari to review a ruling of a commission or board must be filed within 30 days.
In the instant case, following public hearing the Zoning Appeals Board made a ruling granting the landowner’s application for height increase. No appeal therefrom was taken to the Board of County Commissioners by the plaintiffs or any other person. Eight months after the ruling of the Zoning Appeals Board the plaintiffs filed this suit seeking review thereof. The defendants moved to dismiss the complaint. The motion was granted, the cause dismissed with prejudice and judgment was entered for the defendants. The plaintiffs filed this appeal from the judgment of the circuit court.
We affirm the judgment, on the ground asserted by the defendant Dade County that the failure to exhaust administrative remedies precluded the attempted court review of the ruling of the Zoning Appeals Board. The Code of Metropolitan Dade County so provides, and the decisions have recognized the necessity to exhaust administrative remedies as a prerequisite to court review of the rulings of such boards. See Ace Delivery Service, Inc. v. Boyd, Fla.1958, 100 So.2d 417, 419; Hasam Realty Corp. v. Dade County, Fla.App. 1965, 178 So.2d 747; Dade County v. Metro Improvement Corp., Fla.App.1966, 190 So.2d 202; Land Corp. of Florida v. Metropolitan Dade County, Fla.App.1967, 204 So.2d 222; City of Coral Gables v. Sakolsky, Fla.App.1968, 215 So.2d 329, 334-335; Baker v. Metropolitan Dade County, Fla.App.1970, 237 So.2d 201.
Affirmed.
PEARSON, C. J., concurs in the decision to affirm.