### RILLING, et al v. DADE COUNTY.
No. 70-20853.
Circuit Court, Dade County.
March 22, 1971.

Jerome S. Reisman, Miami, for the petitioners.

Thomas C. Britton, County Attorney, St. Julien P. Rosemond, Assistant County Attorney, for the respondent.

HENRY L. BALABAN, Circuit Judge.

This cause, after due notice and oral argument of counsel of respective parties hereto, is before the court on respondent's motion to dismiss and petitioners' motion to permit a joinder of an indispensable party, i.e., the recipient of certain zoning relief granted by the board of county commissioners of the respondent by way of resolution.

The initial pleading filed by the petitioners is styled "Petition for Writ of Certiorari and Declaratory Judgment," however, it can only be considered a petition for writ of certiorari because it was

filed "pursuant to Article 5, §6 of the Constitution of the State of Florida, Section 33-316 of the Code of Metropolitan Dade County, and Rule 4.5(c), Florida Rules of Civil Procedure," and further, because certiorari is the appropriate remedy to attack zoning resolutions adopted by the respondent's board of county commissioners, as may be seen from Baker v. Metropolitan Dade County, Fla. App. 1970, 237 So.2d 201, 202; Ollos v. Dade County, Fla. App. 1970, 242 So.2d 468, 469, and cases cited in each of the foregoing.

Therefore the respondent's motion to dismiss must be granted because the property owner who obtained zoning relief is an indispensable party as pointed out in Shaughnessy v. Metropolitan Dade County, Fla. App. 1970, 238 So.2d 466, 469. [Choquette v. Broward County Board of Adjustment, 34 Fla. Supp. 117]

Because the court is of the opinion that a petition for writ of certiorari cannot be amended after the 30-day time in which it may be filed the court is of the view that the respondent's motion must be granted with prejudice and that the petitioners' motion to permit the joinder of the property owner must be denied. The reasons for the above are that the petition was brought pursuant to Rule 4.5 (c) (1) of the Florida Appellate Rules, and such rules do not authorize amendments to initial appellate pleadings after the time for filing the same. Thus the court is without authority to grant petitioners' motion to amend to add the indispensable party. Cf. Lang v. Murphy, Fla. App. 1966, 191 So.2d 581, and State v. Board of Zoning Adjustment of City of New Orleans, La. 1967, 197 So.2d 691, 695. Also see Silver Star Citizens' Committee v. City Council of Orlando, Fla. App. 1967, 194 So.2d 681, wherein the court expressed doubt as to whether or not a petition for writ of certiorari could be amended. Moreover, in the last cited case, it was stated that failure to allege special damages, as is the situation here, caused the court to lack jurisdiction over the subject matter. In this instance the petition does not allege damages or at least damages sufficient to maintain this cause, and such is another reason to dismiss this cause. See Florida Palm-Aire Corporation v. Delvin, Fla. App. 1969, 230 So.2d 26, and cases cited.

In view of the foregoing it is unnecessary to consider the other grounds for the respondent's motion to dismiss, although they may be well taken.

It is therefore ordered and adjudged that the petition for writ of certiorari filed herein and this cause be and the same are dismissed with prejudice to and at the cost of the petitioners, and that the petitioners' motion to permit joinder of an indispensable party is hereby denied.