HENDRY, Judge.
Appellant-respondent Metropolitan Dade County seeks review of a final judgment of the circuit court which granted a writ of certiorari, in a zoning matter, favorable to T. E. Moore and Elspeth Moore (owners) and Chrysler Realty Corp. (prospective purchaser). The judgment, which overturned a zoning decision of the county commission, would permit construction and operation of a new car dealership and related facilities based upon the circuit court’s finding the action of the commissioners to be unreasonable, discriminatory, oppressive, confiscatory and not based on any relation to public health or welfare. *390 We affirm in part and modify the judgment in part, and as modified, affirm.
The Moores own an approximately 6.2 acre tract, fronting for 365 feet on the south side of U.S. 41 (also known as the Tamiami Trail and S.W. 8th Street), between S.W. 82nd Avenue on the east and S.W. 84th Court on the west. At that point U.S. 41 contains four lanes and a median strip; it is heavily travelled.
Abutting the Moore’s land to the east is a gasoline station and adjoining the instant land on the west is a commercial “double decked” golf driving range. The driving range is decorated with statues of prehistoric monsters the height of buildings. The driving range is zoned GU, with a special permit for use as a golf range. The south two hundred feet of property on which the driving range is located is zoned RU-2 (two family residential district, which also permits one family residences).
Abutting the Moore’s property to the south, about nine hundred feet from the highway and across an existing concrete wall with shrubbery, is a single family residential area. The residential area bears the same relation to the golf driving range as it does to the Moore’s land.
The Moore’s land was zoned GU (interim) and RU-3 (four unit apartment house), which did not permit new car dealerships. The Moores filed an application with the Zoning Appeals Board to rezone the property BU-1A (limited business district), with an exception to permit construction and operation of a new car dealership and related facilities, except for the south one hundred feet to be changed to RU-2. Upon review the Board of County Commissioners in March, 1971, attempted to reverse that action by a vote to change the property to RU-2.
The trial court in its detailed final judgment granting the writ of certiorari analyzed each of the zoning classifications beginning with RU-2 to the most liberal RU-5 and RU-5A (which are the most liberal residential zoning classifications) and also examined the business zoning classifications. To paraphrase the trial court, the surroundings and circumstances pertaining to this property cumulatively renders any practical use of the property impossible if any zoning less liberal than BU-1A were imposed. The factors relied upon included but was not limited to: the congested four-lane divided federal highway, the speed limit of forty-five miles per hour, the distance of the property from any type of walk-in business, its location between and abutting a service station and commercial golf driving range. The appellee has asked this question, which supplies its own answer: “What person in his right mind would build a house [or a business] on a four-lane, forty-five mile per hour highway where over twenty-two thousand cars per day pass by, adjoining a service station on one side and a double decked golf driving range with prehistoric monster statues [of the size of buildings] on the other?”
One commissioner made the following motion, which was seconded: “ . . . I would move that we overturn the recommendations of the Zoning Appeals Board, and instead, grant rezoning to this property, all of it, as RU-2 . . . With prejudice.” The vote was four in favor, four opposed, and one abstention.
After the commissioners voted upon two subsequent motions, which related to this property, the abstaining commissioner requested permission to cast an affirmative vote on the rezoning motion. Although the change in his vote was questioned, his vote was recorded as being in the affirmative. The trial court concluded that the commission misconstrued the legal effect of their vote on the rezoning motion. The court ruled that the rezoning motion failed to pass, and the effect of its failure was to affirm the recommendation of the Zoning Appeals Board, together with the special exception, as granted.
The county contends: that the ruling of the county commission on the zoning mat *391 ter was fairly debatable, that the action of the commission was valid, notwithstanding its decision was contrary to the recommendation of the Zoning Appeals Board. The appellees argue that the matter was not fairly debatable and that the method of voting on the matter was improper.
We affirm the issuance of the writ and that portion of the judgment which would allow construction and operation of a new car dealership with related facilities. However, the judgment should be modified so that the south two hundred feet of the instant property be rezoned no less liberal than RU-2, in conformity with the similar zoning of the abutting golf driving range. We further conclude that we do not have to reach the issue of whether the trial correctly determined the propriety and effect of the parliamentary procedure followed by the commission in voting.
We conclude that the trial court correctly determined that no zoning classification more restrictive than BU-1 or BU-1A, with the special exception for the new car dealership, could be fairly debatable. We have already paraphrased and summarized the factors considered by the trial court and the cumulative effect of these circumstances. A zoning classification is an exercise of the police power. A zoning classification may be struck down where it bears no relation to the public health or welfare and is so unreasonable, arbitrary and capricious that the effect of the classification is tantamount to a confiscation of the property. Burritt v. Harris, Fla.1965, 172 So.2d 820.
The trial court ruled that the south one hundred feet of this property might be zoned RU-2, in accordance with the position of the Zoning Appeals Board, presumably as a buffer between the business operation and the residential area to the south. We note that the trial court found as a fact, and this determination is supported by competent substantial evidence, that:
“4. To the South of the subject property, 900 feet from U.S. 41, across an existing concrete wall, is a single-family residential area that bears the same relation to the golf driving range as it does to the subject property.”
We next express the view that the judgment issuing the writ should be modified so that the southern two hundred feet be rezoned no less liberal than RU-2, in conformity with the similar zoning of the golf driving range tract. The entire tract is not uniform in its characteristics. One portion fronts on a very heavily travelled thoroughfare in what has been a growing area of the county. The southern portion is adjacent to a residential area. The adjoining golf range is of about the same depth and has been divided so that the portion fronting on the highway has been zoned commercial but the south two hundred feet of the range has been zoned RU-2. The trial court found, and it appears that the fact is uncontested, that the driving range bears the same relationship to the residential section as the Moore’s property bears to the residential area. In Baker v. Metropolitan Dade County, Fla.App.1970, 237 So.2d 201, we reversed and remanded with directions an order of the trial court which denied a writ of certiora-ri in a zoning matter. In that case the strip fronting the highway had characteristics different from the remainder of the tract there under consideration. In ordering the modification of the judgment in the instant case, we take the same legal position that we adopted in the Baker case, supra.
Therefore, for the reasons stated and upon the authorities cited, we affirm in part and modify in part, and as modified, affirmed.