318 So.2d 149 (1975)
CENTEX HOMES CORPORATION, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 75-309.
District Court of Appeal of Florida, Third District.
July 29, 1975.
*150 Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellant.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal by Centex Homes Corporation, plaintiff in the trial court, from an order dismissing two counts of a complaint in which Centex sought to enjoin the defendant, Metropolitan Dade County, from enforcing a zoning ordinance against it and to declare such ordinance invalid.
According to the complaint, Centex is the owner and developer of a large tract of land in south-west Dade County known as Winston Park. In September of 1972, prior to the commencement of construction by Centex on the land, the Dade County Commission approved a land use plan for development of the tract. The plan provided for a community of single and multi-family dwellings, including townhouse zoning. In May of 1973, subsequent to the construction by Centex of the single family homes, the county passed Ordinance No. 73-56, in which it reduced the density of townhouses to less than that already approved for the Centex project. Dade County advised Centex that the new standards would be applied to the proposed townhouse section of the Winston Park project, whereupon Centex instituted zoning proceedings before the Dade County Zoning Appeals Board by petition for a variance exempting it from the effect of the ordinance. When the petition was denied by formal resolution of the County Commission, Centex did not take certiorari, but later, after the time for filing a petition for certiorari had passed, filed this action for declaratory decree and injunctive relief.
Dade County moved to dismiss the complaint. The trial court entered an order granting the motion, and dismissed Count I, entitled "Estoppel," for lack of subject matter jurisdiction, and dismissed with prejudice, Count II, entitled "Invalidity of Ordinance 73-56," for failure to state a cause of action. Centex then filed this interlocutory appeal.
The crux of the issue presented is whether it is proper, in this case, for Centex to attack the validity or constitutionality of the zoning ordinance itself on the theory of equitable estoppel in a de novo proceeding (keeping in mind the fact that it had previously sought a variance), or whether this action constitutes a direct challenge by Centex to the denial of the petition for a variance, in which case, such challenge is mandated by Dade County ordinance to be brought by petition for certiorari from the resolution of the county commission and not by an equitable proceeding.
Upon review of the briefs of counsel and the record presented in the appellant's appendix, we are of the opinion that the complaint filed by Centex is a direct attack on the resolution of the county commission, *151 rather than a general challenge to the validity of the zoning ordinance as it pertains to Centex's property. "Under such circumstances, the rule is that certiorari is the proper method of challenging the county commission's ruling... . The commission's procedure, i.e., utilizing the resolution as a means of denying the request for rezoning is quasi judicial in nature ... and certiorari was the proper remedy for review of such quasi judicial proceeding." Baker v. Metropolitan Dade County, Fla.App. 1970, 237 So.2d 201, 202 and cases cited therein.
Accordingly, the order granting the motion to dismiss is affirmed.