PER CURIAM.
Plaintiff appeals an order dismissing her complaint without prejudice in her action to enjoin Dade County from enforcing a zoning ordinance.
Plaintiff, Reverend Penelope Peterson, is the owner of two adjacent parcels of land which formerly were zoned RU-3 (permitting a two-story four-unit apartment house). On October 21, 1974 defendant, Dade County, by enacting resolution no. Z-297-74 rezoned the subject property to RU-1 (single family). On January 8, 1975, 78 days after the passage of the resolution, plaintiff filed a complaint in circuit court and prayed that the zoning resolution be declared void as applied to her property and Dade County be restrained from the enforcement of the resolution. Dade County filed a motion to dismiss on the grounds that certiorari is the only proper remedy for review of the zoning resolution under attack and plaintiff failed to comply with § 33-316, Code of Metropolitan Dade County, which sets forth a 30 day review period. The trial judge entered an order dismissing the complaint and granting plaintiff 20 days to file an amended complaint. We affirm.
It is now well established that where a landowner seeks review of a zoning resolution of a county commission, the proper method is by filing a petition for writ of certiorari except where the landowner presents a general challenge to .the validity of the zoning resolution. See Metropolitan Dade County v. Greenlee, Fla.App.1968, 213 So.2d 485 and cases cited therein.
Plaintiff is challenging the zoning resolution solely on the ground that it is invalid only as applied to her property and does not allege it is generally invalid. Thus, we conclude that the prescribed method of review was by certiorari and find that the trial judge correctly granted defendant’s motion to dismiss.
Affirmed.