PEARSON, Judge
(dissenting).
I respectfully dissent upon two grounds. First, I would hold that the complaint which alleged:
******
“11. The present zoning imposed on Plaintiff’s property does not bear ■ any substantial relationship to public health, safety, morals, and welfare of the community; and said restrictive zoning is not necessary for public health, safety, morals or welfare.
“12. The application of Resolution No. Z-297-74 to the Plaintiff is a deprivation of Plaintiff’s property without due process of law and in violation of the Constitution of the United States of America and of the State of Florida.
“13. The application of Resolution No. Z-297-74 to the Plaintiff is discrim *49 inating and a denial of equal protection of the law as guaranteed by the Constitution of the United States of America.”
******
is sufficient to constitute “a general challenge to the validity of the zoning ordinance.” Metropolitan Dade County v. Greenlee, Fla.App.1968, 213 So.2d 485. Second, the application of FAR 4.5c(l) to a claim of the unconstitutional deprivation of property, thereby limiting the right of action to thirty days from the date of the governmental action, cannot be held to be due process.