332 So.2d 136 (1976)
Alvin ROSE, Trustee and Individually and Jacqueline Rose, His Wife, Appellants,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 75-1281.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Max D. Puyanic, Miami, for appellants.
Stuart Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellants appeal from an order of the circuit court dismissing their complaint attacking the constitutionality of a zoning resolution in regard to their property.
Appellants had requested of the Board of County Commissioners of Dade County a change in the zoning classification, from RU-1 to BU-1, of certain property which they owned in Dade County. After a hearing the Board adopted a resolution, pursuant to Chapter 33 of the Metropolitan Dade County Code known as the Zoning Ordinance of Metropolitan Dade County, denying appellants' request. Appellants then filed a complaint in equity attacking the constitutionality of the ordinance as applied to their property by the Board. Appellee Dade County filed a motion to dismiss appellants' complaint on, inter alia, the ground that the complaint failed to state a proper cause of action against it, because certiorari was the only appropriate remedy by which to review the Board's action. Subsequently, the circuit court granted appellee Dade County's motion to dismiss and denied appellants' motion for rehearing. From these orders of the circuit court, appellants appeal.
Appellants contend that (1) they may bring an action in equity to declare that Dade County's Zoning Ordinance is unconstitutional as it was applied to their property, and (2) their complaint stated a cause of action for declaratory relief in equity. Appellee Dade County contends that the only remedy which can be used to review a denial of a zoning change is certiorari.
After a careful review of the record, we are of the opinion that appellants' complaint was an attempt to review the resolution passed by the Board denying appellants' request for a zoning change, rather than a general constitutional attack on the underlying Zoning Ordinance of Dade County itself. In such a case, as contended by appellee Dade County, the proper method of review is by certiorari and not by an independent action in equity. Centex Homes Corporation v. Metropolitan Dade County, Fla.App. 1975, 318 So.2d 149; and Baker v. Metropolitan Dade County, Fla.App. 1970, 237 So.2d 201 and cases cited therein. Based upon this decision, it is unnecessary for us to consider appellants' other point on appeal.
*137 We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the orders appealed are affirmed.
Affirmed.