344 So.2d 928 (1977)
Norman J. KASSER, Appellant,
v.
DADE COUNTY, Appellee.
No. 76-743.
District Court of Appeal of Florida, Third District.
April 12, 1977.
Rehearing Denied May 9, 1977.
John G. Fletcher, Coconut Grove, for appellant.
Stuart L. Simon, County Atty., and Stanley B. Price, Asst. County Atty., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
*929 NATHAN, Judge.
Norman J. Kasser, plaintiff below, appeals from an order dismissing with prejudice his suit for inverse condemnation against Dade County.
Kasser is the owner of certain property in Dade County for which he sought a change in zoning from a GU (Interim) classification to EU-1c (2 1/2 acre gross estates). The GU category prohibits the recordation of new subdivisions (except cemeteries) unless property in such a district is rezoned. Kasser's request for rezoning was denied pursuant to a resolution passed by the Dade County Board of County Commissioners. He thereafter filed an inverse condemnation complaint against the County.
In his second amended complaint, Kasser alleged that the County had effectively taken his property without compensation, since he was precluded from making any reasonable use of the land under the retained interim classification. By way of relief, Kasser sought full compensation for the value of the land, asserting that the denial of rezoning was actually a result of the County's exercise of its power of eminent domain, rather than its police power.
Dade County moved to dismiss the second amended complaint on the grounds that it was essentially a direct challenge to a County zoning resolution and that therefore the trial court was without jurisdiction, since the sole and exclusive method for reviewing a zoning decision of Dade County is through a Petition for Writ of Certiorari. After a hearing, the trial court dismissed the complaint. The dismissal order related the trial judge's finding that Kasser's complaint constituted a "direct attack upon a zoning resolution of the Dade County Board of County Commissioners rather than a general challenge to the validity of any zoning ordinances." We agree, and accordingly affirm.
Kasser argues that he has accepted the propriety of the GU designation inasmuch as it conforms to the Dade County Master Plan, which placed the subject property in a conservation subzone. However, he further contends that the classification amounts to a taking for public purposes and that he should therefore be compensated for the property.
Section 33-316 of the Code of Metropolitan Dade County provides that review of a decision by the Board of County Commissioners relating to a zoning matter shall be by petition for writ of certiorari in the Circuit Court for Dade County. In substance, Kasser's complaint challenges the confiscatory nature of the resolution denying his application for a zoning change, not the constitutional validity of the underlying zoning ordinance. Such a challenge would have served as a basis for review by the Circuit Court. Rose v. Dade County, 332 So.2d 136 (Fla. 3d DCA 1976); Baker v. Metropolitan Dade County, 237 So.2d 201 (Fla. 3d DCA 1970); Metropolitan Dade County v. Greenlee, 213 So.2d 485 (Fla. 3d DCA 1968).
Had review been sought in the stipulated fashion and the action by the Board found to be unreasonable and confiscatory, the County would then have had the option of rezoning the property or condemning it via its eminent domain authority. This result would have been more appropriate than that sought by the appellant herein, for the latter approach would put the County in the position of compensating a landowner who is in actuality dissatisfied with the zoning designation on his property  a designation which the appellant initially sought to change. It was the denial of that change which precipitated the instant controversy.
We cannot allow the appellant to assert that the denial of rezoning was reasonable while simultaneously alleging that it was confiscatory. If we were to accept such contradictory claims as grounds for the relief which appellant sought in the trial court, we would debilitate the zoning review procedure established by Dade County and long accepted by this Court.
Affirmed.