349 So.2d 207 (1977)
BAMA INVESTORS, INC., and Bar-Zac, Inc., Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 76-5.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Rehearing Denied September 15, 1977.
Korner, Sampson & Partridge and Donald Eugene Mason, Miami, for appellants.
Stuart Simon, County Atty. and Stanley B. Price, Asst. County Atty., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Plaintiff corporations appeal an order dismissing their complaint for injunctive relief for lack of subject matter jurisdiction in this action seeking to enjoin the enforcement of a zoning ordinance applicable to their property.
Bama Investors, Inc. and Bar-Zac, Inc., appellants herein, are the owners of certain real property located in Dade County and zoned RU-1 and RU-2 (single family residential and duplex or two family residential). Desirous of more liberal zoning classification, appellants filed applications for a *208 change of zoning to BU-1 (neighborhood business district) with the appropriate county agencies and on September 24, 1975 the county commission denied appellant's application. After exhausting their administrative remedies, appellants on November 4, 1975 filed a complaint for injunctive relief seeking to enjoin the County from enforcing the RU-1 and RU-2 zoning ordinance and requesting that they be permitted to develop their property in accordance with the uses permitted under a BU-1 classification. The gravamen of their complaint is that as a result of the changing social, physical and economic character of the surrounding neighborhood, the present zoning ordinance is unreasonable, arbitrary and confiscatory. Therefore, the ordinance as applies to their property deprives them of equal protection of the laws and constitutes a taking of their property without due process of law contrary to the guarantees under the United States and Florida Constitutions. Dade County filed a motion to dismiss the complaint on the ground that certiorari is the only proper remedy for review of the county commission's resolution denying appellants' requested zoning change, and appellants failed to comply with the requirements of Section 33-316, Code of Metropolitan Dade County, for review of this resolution. After hearing arguments of respective counsel, the trial judge dismissed the complaint with prejudice for lack of jurisdiction over the subject matter. We reverse.
The issue presented is whether the method of review prescribed by Section 33-316, Code of Metropolitan Dade County (certiorari), is the exclusive remedy available to a complainant who on constitutional grounds directly attacks the validity of a Dade County zoning ordinance as it applies to his (or her) property.
The leading case with respect to this issue is Harris v. Goff, 151 So.2d 642, 645 (Fla. 1st DCA 1963) wherein the court stated that "suits in equity seeking injunctive relief against a zoning ordinance or resolution on the ground that it is arbitrary, capricious, confiscatory or impinges on some right or guarantee of the Constitution of this State has long been the traditional method of assaulting the validity of zoning ordinances or resolutions." As pointed out in Goff, supra, this statement is based upon the following holding by the Florida Supreme Court in De Groot v. Sheffield, 95 So.2d 912, 915 (Fla. 1957):
"... It must be conceded that over the years orders of administrative agencies have been placed under scrutiny in Florida in both mandamus and certiorari cases. Admittedly, little attention has been given to the propriety of the procedure in particular cases. Hence the resultant confusion. We interpolate that we pretermit in this instance any discussion of the proper use of the equity injunction and the writ of prohibition. Injunction has been many times employed to assault legislative action at the state and local level where such action allegedly impinged on some constitutional right. Attacks on municipal zoning ordinances are typical ..." [Emphasis Supplied]
We note that this court in Dade County v. Markoe, 164 So.2d 881, 882-3 (Fla. 3d DCA 1964) by implication has approved the above holding in Goff, supra.
Presented with a similar issue as in the instant case, the Florida Supreme Court in Thompson v. City of Miami, 167 So.2d 841, 843 (Fla. 1964) held that Section 176.16, Florida Statutes (1963), providing for review of, inter alia, municipal zoning ordinance by statutory certiorari was not applicable to an equity proceeding which assaults the validity of a municipal zoning ordinance and even if applicable "would not have been available to accomplish the results desired". The clear implication gleaned from the Thompson case is that even if statutory certiorari is available, the traditional equity suit still, as in the past, continues to be the proper method of review where an owner desires to make an assault upon the validity of a zoning ordinance as applied to his (or her) property. See City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307 (1942); City of Miami Beach v. *209 Perell, 52 So.2d 906 (Fla. 1951); Harris v. Goff, supra; Metropolitan Dade County v. Greenlee, 213 So.2d 485 (Fla. 3d DCA 1968); City of Coral Gables v. Deschamps, 242 So.2d 210 (Fla. 3d DCA 1970).
Nevertheless, appellee Dade County argues that the sole and exclusive method of challenging a zoning resolution of the commission is by timely filing a petition for writ of certiorari as prescribed by Section 33-316, Code of Metropolitan Dade County. In support of this contention, appellee primarily relies upon Dade County v. Metro Improvement Corp., 190 So.2d 202 (Fla. 3d DCA 1966); Baker v. Metropolitan Dade County, 237 So.2d 201 (Fla. 3d DCA 1970) and Centex Homes Corporation v. Metropolitan Dade County, 318 So.2d 149 (Fla. 3d DCA 1975). Reliance upon the Baker and Centex Homes cases is misplaced because therein this court construed the respective complaints as direct attacks on a resolution of the county commission rather than a challenge to the validity of a zoning ordinance as pertained to the owner's property and, therefore, such a challenge was required to be brought by petition for certiorari from the resolution of the county commission and not by an equitable proceeding. However, implicit in these holdings is that where, as in the case sub judice, the complaint is a challenge to the validity of a zoning ordinance as it pertains to complainant's property, then an equitable proceeding is proper. See Kasser v. Dade County, 344 So.2d 928 (Fla. 3d DCA 1977).
Neither do we find Dade County v. Metro Improvement Corporation, 190 So.2d 202 (Fla. 3d DCA 1966), supra, to be controlling because therein no challenge was presented to the validity of the underlying zoning ordinance as applied to appellee's property. Appellee was contesting the method by which the county commission adopted a zoning resolution reclassifying its property from RU-4L (multi-family) back to the original classification of IU-1 (light industrial), and this court affirmed the finding of the trial court that the commission had acted improperly and could not do indirectly what could not be done directly. Further, the holding that Section 33-316, Code of Metropolitan Dade County, prescribes the sole or exclusive method (certiorari) whereby a person who has been aggrieved by a decision of the county commission in actions taken by the commission relating to zoning matters may take an appeal is referring, in essence, to the passage of zoning resolutions by the commission which an adversely affected property owner is seeking to challenge. This holding, however, was never intended to include actions which challenge the constitutional validity of a zoning ordinance as applied to one's property on the grounds that the ordinance totally denies to an owner any reasonable use of his (or her) property in that it is confiscatory and amounts to a taking without compensation. For the right to make a reasonable use of property is fundamental and constitutionally protected under the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. When this constitutional right is interfered with through a zoning ordinance which deprives an individual of any reasonable use of his (or her) property to the extent that the ordinance becomes confiscatory in nature and amounts to a taking without compensation, that individual, after exhausting administrative remedies, cannot be precluded from instituting an equitable suit seeking to enjoin the enforcement of the zoning ordinance as applies to his (or her) property and the local governmental authority from infringing upon his constitutionally protected property rights. See City of Miami v. Rosen, 151 Fla. 677, 686, 10 So.2d 307, 310 (1942), supra.
We have re-examined our recent opinion in Peterson v. Dade County, 329 So.2d 47 (Fla. 3d DCA 1976) in light of our holding herein and anything to the contrary found in this court's opinion in Peterson v. Dade County, supra, be and the same is hereby receded from.
We find, therefore, that the trial court had jurisdiction over the instant equitable suit instituted by the appellants to directly challenge on constitutional grounds the validity *210 of the present RU-1 and RU-2 zoning ordinance as applied to their property. Accordingly, the order dismissing appellants' complaint for injunctive relief with prejudice is reversed and the cause remanded to the trial court with directions to reinstate the complaint.
Reversed and remanded.