HURLEY, Judge.
Plaintiff/appellant brings this appeal from a final order dismissing its complaint for equitable relief against the City of Riviera Beach. The trial court construed plaintiff’s amended complaint to be a direct attack upon the city’s denial of a petition for zoning variance and, therefore, held that plaintiff’s exclusive remedy was a petition for certiorari. See Centex Homes Corp. v. Metropolitan Dade County, 318 So.2d 149 (Fla.3d DCA 1975). Since plaintiff failed to file a timely petition for certiorari, the trial court dismissed the instant complaint.
Given the history of this case and the fact it was initiated only after plaintiff failed to obtain a variance, we have little difficulty in agreeing with the trial court’s assessment of plaintiff’s motivation. Nonetheless, when evaluating a motion to dismiss the court must limit its gaze to the four corners of the complaint. Poulos v. Vordermeier, 327 So.2d 245 (Fla.4th DCA 1976). Applying that rule to the allegations set forth in plaintiff’s amended complaint, we find that they constitute a general challenge to the validity of a zoning ordinance as it pertains to plaintiff’s property. Therefore, plaintiff is not limited to the certiorari route, but may proceed with a complaint for equitable relief. Thompson v. City of Miami, 167 So.2d 841 (Fla.1964); Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla.3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla.1978). Accordingly, we hold that it was error to dismiss plaintiff’s amended complaint; the order of dismissal is reversed and the cause is remanded for further proceedings.
LETTS, C. J., and MOORE, J., concur.