PETERSON, J.
Petitioners, Nannie Lee’s Strawberry Mansion and Spanish Trace, Inc., seek cer-tiorari review of a dismissal of a petition to the circuit court sitting in its appellate capacity. The petition before the circuit court sought certiorari review of the City of Melbourne Ordinance No.2002-63, approving Hynes Properties, LLC, (“Hynes”), site plan for a three building multi-use complex to be called the “Causeway Center” and granting a conditional use for a height variance.
*794 While the petition was pending in the circuit court, Hynes sought and obtained a new 2003 ordinance that was designed to overcome the petitioner’s objections to the 2002 ordinance. The circuit court then found that it would serve no useful purpose to review the proceedings approving the superceded 2002 ordinance and that the new 2003 plan was not the subject of the attack. However, one issue did remain. The conditional use approved for the height variance had not been addressed by the 2003 ordinance and remained viable under the 2002 ordinance. The circuit court disposed of that remaining issue by finding that the facial validity of zoning codes must be brought before a trial court by a declaratory judgment action and not by certiorari.
The circuit court did not misapply the law in finding that the issues relating to the site plan approved by the 2002 ordinance were moot. In Godwin v. State, 593 So.2d 211 (Fla.1992), the supreme court stated:
An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is “moot” when it presents no actual controversy or when the issues have ceased to exist. A moot case generally will be dismissed.
Id. at 212 [citations omitted]. In Lund v. Department of Health, 708 So.2d 645 (Fla. 1st DCA 1998), the court announced that a case on appeal becomes moot when a change in circumstances occurs.before an appellate court renders its decision and makes it impossible for the court to provide effectual relief. We conclude that the circuit court applied the correct law when it ruled that the certiorari proceeding was moot when the 2002 site plan was super-ceded.
 The circuit court also applied the correct law in determining whether.a constitutional challenge to a zoning ordinance could be raised in a certiorari petition. The circuit court held that constitutional challenges to a zoning ordinance must be raised in an original declaratory judgment action or other equitable proceeding in circuit court, not in a certiorari petition in a reviewing court. See, e.g., First Baptist Church of Perrine v. Miami-Dade County, 768 So.2d 1114, 1115 n. 1 (Fla. 3d DCA 2000), rev. den., 790 So.2d. 1103 (Fla.2001); Nostimo, Inc. v. City of Clearwater, 594 So.2d 779, 782 (Fla. 2d DCA 1992) (holding review of denial of zoning variance was properly brought as a declaratory judgment action in circuit court rather than by certiorari, where action was challenging not only the application of a zoning code section but also its very validity or constitutionality); Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla. 3d DCA 1977), rev. den., 359 So.2d 1217 (Fla.1978); Harris v. Goff, 151 So.2d 642 (Fla. 1st DCA 1963) (finding suits in equity seeking injunctive relief against a zoning ordinance on the ground that it is arbitrary, capricious, confiscatory, or impinges on some constitutional right has long been the traditional method of assaulting the validity of zoning ordinances). It would likewise be improper for this court in a second-tier certiorari proceeding to determine the constitutionality of the City’s zoning code. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003) (holding district court in a second-tier certiorari proceeding cannot sua sponte determine the constitutionality of a statute or ordinance).
However, the circuit court misapplied the law in dismissing the Certiorari petition in its entirety. The conditional use height variance, which was approved by the 2002 ordinance, was not affected by the 2003 ordinance, which only approved a new site plan. Not all of petitioners’ evi- *795 dentiary arguments were related solely to the site plan which was superceded by a subsequent site plan, and not all of petitioners’ arguments concerning the conditional use were grounded on constitutional issues. Although petitioners raised minor issues concerning the propriety of the height variance, those issues were not addressed and the circuit court erred by dismissing the petition as moot when those issues remain pending.
We grant the petition and quash the appellate opinion in part, because the circuit court did not afford certiorari review of the evidence supporting the conditional use for a height variance approved by the 2002 ordinance.
PETITION GRANTED; OPINION QUASHED IN PART.
PLEUS and PALMER, JJ., concur.