365 So.2d 737 (1978)
CITY OF GAINESVILLE, a Municipal Corporation, Appellant,
v.
Fred M. CONE, Appellee.
No. HH-220.
District Court of Appeal of Florida, First District.
October 24, 1978.
Rehearing Denied January 17, 1979.
*738 Osee R. Fagan of Fagan, Crouch, Anderson, Folds & Reiman, Gainesville, for appellant.
Richard T. Jones, Norm La Coe, Gainesville, for appellee.
MILLS, Acting Chief Judge.
The City of Gainesville (City) appeals from a final judgment entered in favor of Fred M. Cone (Cone) following a nonjury trial in a zoning dispute.
The issues raised by this appeal are:
1. Whether the Comprehensive Development Plan enacted by the City in 1970 affected the Comprehensive Zoning Plan enacted by the City in 1962.
2. Whether Cone, the property owner, had a vested right in a particular zoning category for his property.
3. Whether the City may consider a negative recommendation of the City Plan Board on a petition affecting land use regulations initiated by it.
4. Whether the trial court had authority to direct the rezoning of Cone's property to a specific zoning category.
In March 1976, Cone petitioned the City, through the City Plan Board, to change the zoning designation of his property from R-1A (single family residential) to R-3 (multiple family residential, high density district). In 1970 the City had adopted a Comprehensive Development Plan, part of which was a Land Use Plan, which was to be used as a guide to future land use. The Land Use Plan map designated the Cone Property for multi-family development. After the petition was filed, the City Plan Board held one or more hearings on the matter. At a subsequent hearing, a number of adjacent and abutting property owners appeared before the Plan Board to oppose the zoning petition and to urge the Plan Board to amend the Land Use Plan from high density to low density residential. The Plan Board decided to file a formal petition, with itself as the petitioner, to change the designation in the Land Use Plan. At a later hearing, the Plan Board heard the presentations of Cone and of the abutting property owners in opposition to the request of Cone, as well as the presentations of the abutting property owners in support of the proposed change of the Land Use Plan. Following these hearings, the Plan Board voted to recommend against changing the designation in the Land Use Plan and voted to recommend against the granting of Cone's requested zoning change. The land use change petition and the petition of Cone were both certified to the City Commission for action.
After several hearings, the City adopted Ordinance No. 2185 which changed the Comprehensive Development (land use) Plan, and denied Cone's petition to change the zoning classification of his property. Cone then filed suit attacking the validity of the City's actions.
The trial court did not consider the zoning or rezoning of this property on its merits but found that the City's action was void for three reasons: (1) At the time the Plan Board petitioned for change in the Comprehensive Land Use Plan, it already had under advisement Cone's petition to change the zoning designation of his property. Cone had a right to the use of his property in the manner described by the Comprehensive Land Use Plan which right vested at the time he filed his petition for zoning in conformity with the Land Use Plan. (2) The document which the abutting property owners filed was not a formal petition as required under the city charter, and since the Plan Board, in effect, dismissed its own petition by refusing to recommend it, that petition was not properly before the City Commission. Therefore, the only valid petition before the City Commission at the time of its action was the petition of Cone to change the zoning classification. (3) The Plan Board violated the following ordinance:
"... The City Plan Board may not recommend any change to the City Commission inconsistent with the comprehensive *739 plan, unless at the same time or prior thereto, a recommendation is made by the City Plan Board to change the comprehensive development plan in order that such plan and any recommended changes will be consistent with each other." (§ 2-37.1(c), Code of Ordinances)
The trial court therefore held Ordinance No. 2185 void and of no effect, declared the action of the City denying Cone's petition for rezoning null and void, and remanded the cause to the City for reconsideration consistent with the opinions expressed in the order.
The adoption of the Comprehensive Development Plan did not change the zoning or land use regulations of a single parcel of property in the City. The existing zoning categories remained in full force and effect and still remain in full force and effect. It was not the intention of the Comprehensive Development Plan nor that of the City Commission which adopted it to place any of its suggestions or provisions in force. They were to serve merely as a guide for future decisions relating to rezoning petitions and growth and development of the City. This clearly appears from page one of the narrative text of the Comprehensive Development Plan of 1970 which states:
"It should be emphasized that the Plan is only a guide; it is not a zoning plan by which all future land uses will be determined. It will, however, provide a framework for making sound zoning decisions in the future. The existing zoning will remain in effect as the legal basis for developing property, unless and until such time as formal changes are made in the Zoning Ordinance in accordance with the established legal procedure. It is hoped that the logic of this Plan will encourage such changes."
An owner of property acquires no vested rights in the continuation of existing zoning or land use regulations as to such property unless matters creating an estoppel against the zoning authority have arisen. City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954). An estoppel cannot arise so as to create a vested right in a particular zoning category in the absence of the expenditure of money in compliance with the existing zoning. Edelstein v. Dade County, 171 So.2d 611 (Fla. 3d DCA 1965). There is no suggestion of estoppel in the record before us. It appears to be quite incongruous to suggest that while the law is clear that one may not acquire any vested right in the continuation of an existing zoning category, he may upon the filing of a petition for a new zoning category, acquire a vested right in the zoning category. Further, it is clear that a city may adopt an amendment to a land use ordinance even during pendency of a controversy and the controversy must then be determined on the basis of the law as amended. City of Coral Gables v. Sakolsky, 215 So.2d 329 (Fla. 3d DCA 1968). Cone had no vested rights to a continuation of either existing R-1A zoning or to the proposed zoning which he sought.
The recommendations of the Plan Board to the City Commission were not consistent with each other, but it is not the action of the Plan Board, an advisory body, that is here under attack. The City Commission did its duty by acting consistently in denying Cone's rezoning petition, maintaining the R-1A zoning, while at the same time adopting Ordinance No. 2185 which designated that property and nearby affected areas for single family residential use on the land use map. Such action by the City Commission was in conformity with its own ordinances and procedures relating to land use and rezoning decisions. The trial court ruled that the negative recommendation by the Plan Board on the land use petition amounted to a dismissal of the petition, therefore, the petition was not properly before the City Commission. This reasoning is incorrect. Both petitions were properly before the City Commission. Section 2-39(f) of the Gainesville City Code provides that proposals originating with the City Commission or initiated by the City Plan Board shall be processed in the same manner as other petitions. Section 2-43 of the Gainesville Code provides that the City Commission may not consider a petition *740 without first securing a recommendation from the Plan Board. Thus, all matters relating to zoning and land use must first be considered by the Plan Board as an advisory body, following which recommendations will be made to the City Commission. The City Commission then notices and holds its own public hearing, whether such petitions have an affirmative or negative recommendation.
Although the final judgment appears to allow a reconsideration of the property in dispute by the City, the court earlier in its judgment declared that Cone had a vested right to use his property in accordance with the land use plan in effect at the time of the filing of his petition. The effect of the judgment is to compel the City to designate Cone's property for R-3 zoning. This result is improper.
We reverse the final judgment appealed, but because the trial court did not consider this rezoning dispute on the merits, we remand this case to the trial court for its consideration on the merits.
ERVIN and BOOTH, JJ., concur.