375 So.2d 313 (1979)
BROWARD COUNTY, Appellant,
v.
CAPELETTI BROTHERS, INC., a Florida Corporation, and Helmut and Alma Gonde, Appellees.
No. 78-317.
District Court of Appeal of Florida, Fourth District.
June 27, 1979.
Rehearing Denied October 22, 1979.
*314 Alexander Cocalis, Acting Gen. Counsel for Broward County, Dennis E. Lyles and Barry Lessinger, Asst. Gen. Counsel, Fort Lauderdale, for appellant.
James H. Walden of Walden & Walden, P.A., Dania, and Donald R. Hall of Gustafson, Stephens, Ferris, Forman & Hall, P.A., Fort Lauderdale, for appellees.
ANSTEAD, Judge.
This is an appeal from a final judgment compelling the Broward County Commission to grant appellees' petition for rezoning.
Capeletti Brothers, Inc., obtained an option from Helmut and Alma Gonde to purchase a forty (40) acre parcel of land zoned A-1, limited agriculture. Capeletti intended to use the land as an excavation site to provide fill for a road construction project on U.S. 27, the contract to which had already been awarded Capeletti. The A-1 zoning did not permit use of the land as an excavation site, so appellees filed a rezoning petition with the Broward County Commission, requesting that the 40 acre parcel be rezoned from A-1 to A-5, agricultural excavation district.
The current land use plan for the area specified park and recreational uses, while a proposed land use plan indicated agricultural uses which would permit mining upon approval of the county commission. This property, as well as other land in the immediate vicinity, was vacant. All surrounding parcels were also zoned A-1. An environmental impact statement presented by appellees indicated no negative long term effects if the land were to be used for excavation and the zoning board and division of planning both recommended that the A-5 zoning be granted, albeit for a limited period of time. The rezoning petition was considered by the county commission at a public hearing held on April 15, 1977, and denied.
The trial court reversed the county commission's action and concluded:
1. There was no competent, substantial evidence presented to the BROWARD COUNTY COMMISSION which substantiated the denial of Rezoning Petition 15-Z-77.
2. The decision of the BROWARD COUNTY COMMISSION which denied Rezoning Petition 15-Z-77 was not "fairly debatable" and did not have a substantial relationship to the promotion of the public health, safety, morals or general welfare.
3. The decision of the BROWARD COUNTY COMMISSION which denied Rezoning Petition 15-Z-77 was arbitrary and deprived Plaintiffs of a reasonable use and enjoyment of the subject property.
4. The A-1 zoning classification (limited agricultural) is not appropriate to the subject property in that it does not allow excavation and transportation of excavated material off site.
5. The A-5 zoning classification (agricultural-excavation district) is appropriate to the subject property and to the use to which Plaintiffs desire to put the subject property in that it is the only zoning classification in Broward County which permits excavation and transportation of excavated material off site.
We believe the trial judge misconceived the standard of judicial review of the county commission's decision.
A summary of the standard of judicial review of zoning decisions is set out *315 in the recent case of Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979):
We previously have affirmed the judiciary's responsibility to ascertain the rationality of zoning classifications. We here reaffirm that the judicial task is not to determine proper zoning as a forum of first recourse, but is rather to determine, on the evidence before the court, whether the local authority's zoning decision is fairly debatable. As Judge Boyer wrote in Davis [Davis v. Sails, 318 So.2d 214, Fla. 1st DCA 1975],
If the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts. [318 So.2d at 217.]
The trial court's order for rezoning of the Reddick property displaces a thoughtful decision, on substantially debatable matters of local policy, by duly constituted local government. To sustain the judgment would be an unfortunate retrogression at a time when local governments are called on to act responsibly in restraining random development of land and other natural resources, or else give way to superseding power from the central executive or legislative branch of government. See Cross Key Waterways v. Askew, 351 So.2d 1062 (Fla. 1st DCA 1977), affirmed, 372 So.2d 913 (Fla. 1978). All presumably would agree that the sensitivity of decisions affecting land use requires that those decisions be made, if possible, by local officials who are directly responsible to the local electorate. Absent arbitrariness, invidious discrimination, or confiscation in a constitutional sense, the judiciary should let those decisions stand. As our Supreme Court stated as recently as 1978, "zoning or rezoning is the function of the appropriate zoning authority and not the courts... ." Skaggs-Albertson's [v. ABC Liquors, Inc.], supra, 363 So.2d 1082 at 1091 [Fla. 1978].
In essence, on judicial review, a landowner seeking rezoning has the burden of demonstrating that the existing zoning classification is arbitrary, unreasonable, or confiscatory. Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975). To sustain his burden the landowner must show that the issue as to the reasonableness of the existing classification is not even "fairly debatable." Rural New Town, Inc., supra.
The thrust of appellees' position here, as it was in the trial court, is that it presented substantial competent evidence to the commission that its desired use of the property was reasonable and therefore rezoning should be granted. However, the burden of the appellees was not to prove that its requested use was reasonable but rather to prove that the continuation of the existing zoning was unreasonable, arbitrary or confiscatory. And the proof must demonstrate that the issue is not even "fairly debatable."
A zoning ordinance will not be deemed confiscatory unless it effectively deprives a property owner of the beneficial use of his property by precluding any reasonable use thereof. S.A. Healy Co. v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978). It is not necessary that the zoning ordinance permit the highest or best use of the property. S.A. Healy Co., supra. Here, no evidence was presented as to confiscation. Rather, as the trial court concluded, the appellees have been deprived of "a reasonable use and enjoyment of the subject property." A zoning ordinance is not confiscatory because a single reasonable use is denied; rather it becomes confiscatory when all reasonable uses are prohibited. S.A. Healy Co., supra. Capeletti acquired an option to purchase the subject property with full knowledge that the property was zoned A-1 and that excavation operations were prohibited in that zoning district. One who acquires property for a purpose which he knows is prohibited by a zoning ordinance cannot contend that a zoning change is needed to prevent virtual confiscation of that property without a showing that the property is unsuited or not *316 profitably usable for the purposes for which it was zoned. City of Miami Beach v. Greater Miami Hebrew Academy, 108 So.2d 50 (Fla. 3d DCA 1959). There is no proof of confiscation in this record.
The issue then is whether the county commission's decision to retain the existing zoning and not rezone appellees' land was so unreasonable and arbitrary as to not even be "fairly debatable." Again we feel the proof of appellees has missed the mark. The trial court concluded that the reason that the existing zoning classification "is not appropriate to the subject property is that it does not allow excavation." The requested zoning was deemed appropriate "in that it is the only zoning classification in Broward County which permits excavation... ." By this reasoning the existing zoning is deemed inappropriate because it is not in accord with appellees' desired use and the rezoning is deemed appropriate because it is in accord with that desired use. As noted in S.A. Healy Co., supra at 814, an existing zoning classification is not invalid merely because it prevents a use which is economically most advantageous. It is true that the appellees presented substantial proof that their proposed use of the land as an excavation site would be reasonable. On the other hand the county commission cites the following reasons for denying the rezoning:
1. The proposed rezoning conflicts with the existing land use plan.
2. Other locations are available to appellees to secure fill.
3. There were no plans presented by appellees as to use of the land after the excavation was completed.
4. The resulting rockpits would be unsafe.
5. A granting of rezoning to the appellees might result in a proliferation of rockpits in the area.
The issue before us is whether we can say that these reasons are so untenable that the issue is not even fairly debatable. We cannot so conclude and we believe it was error for the trial court to so conclude in overruling the decision of the county commission. Although the zoning board and division of planning had both recommended approval of the petition, the commission was not required to follow the recommendations of those advisory bodies. In fact, those differences of opinion may sometimes furnish an indication that the matter is fairly debatable. Miles v. Dade County Board of County Commissioners, 260 So.2d 553 (Fla. 3d DCA 1972). The commissioners were also entitled to view with some skepticism the recommendations of both bodies, who urged that the rezoning should be granted only for a period of from three to five years, but at the same time acknowledged in their reports that "industrial type uses shouldn't be located in this area." Appellees made no provision for plans to develop the area to be used for the recreational purposes contemplated by the present planning and zoning. Concern was also legitimately expressed over the depth of the excavation and the possible creation of a whole series of unsafe rockpits on this land and adjacent lands. The proposed zoning was not in accord with the county's adopted land use plan, and alternative sites were available at an area south of the subject property where an excavation district, consistent with the land use plan, had already been designated.
We cannot conclude that the decision of the appellant did not reflect the application of the ordinance in a manner reasonably related to the health, safety, and general welfare of the public, since the existing A-1 zoning of the property was in conformity with the adopted land use plan, was consistent with the properties adjacent to those of appellant, and was consistent with the actual development of the area. We simply cannot say that the issue was not fairly debatable. Capeletti merely lost in its attempt to have the property zoned less restrictively than the surrounding properties operating under the same zoning classification. Where the question of public interests to be served remains fairly debatable, the courts are not empowered to act as super zoning boards substituting their judgment for that of the legislative and administrative bodies exercising legitimate objectives. S.A. Healy Company, supra.
*317 Accordingly, the judgment of the trial court is reversed with directions that judgment be entered in accordance with the terms of this opinion.
DAUKSCH and LETTS, JJ., concur.