377 So.2d 736 (1979)
CITY OF GAINESVILLE, Appellant,
v.
Norwood W. HOPE et al., Appellees.
No. NN-380.
District Court of Appeal of Florida, First District.
November 20, 1979.
Rehearing Denied January 3, 1980.
*737 J.T. Frankenberger, Hollywood, for appellant.
Andrews & DeLaney, Gainesville, for appellees.
SHIVERS, Judge.
Appellees own three contiguous parcels of land in Gainesville. Parcels 1 and 2 were zoned residential pursuant to the Comprehensive Zoning Plan of 1962. Parcel 3 was zoned "Administrative/Professional" by ordinance adopted July 20, 1970. All three parcels were designated "recreation, open space and buffers" by the Comprehensive Development Plan for Gainesville Urban Area 1970 which was adopted by resolution of the City Commission September 20, 1970, and adopted by ordinance March 19, 1973. In order to construct an office and banking facility, appellees sought to have the zoning for Parcels 1 and 2 changed to "Administrative/Professional."
Following unfavorable recommendations from the City's Planning Board, appellees presented petitions for the rezoning to the City Commission. More than 20% of the surrounding property owners objected to the rezoning. Pursuant to Section 2-46 of the City Code, a "super majority" vote of 4/5 of the City Commission was required to approve the rezoning. Two petitions were required. One petition would amend the Comprehensive Development Plan while the other would change the zoning. The vote to change the zoning was 3 to 2 in favor. The vote to amend the Comprehensive Development Plan was 3 to 2 in favor. The City Commission ruled that the zoning change had failed because the "super majority" had not been obtained. The City Commission ruled that the Comprehensive Development Plan had been amended so as to permit this type development in the future.
Appellees filed suit in Circuit Court challenging the "super majority" requirement and alleging that the inconsistency between the zoning and the Comprehensive Development Plan renders the zoning confiscatory and unconstitutional.
By Order dated March 19, 1976, the trial court upheld the validity of the "super majority" requirement but ruled that the "super majority" requirement applied to both the petitions for the zoning change and the petitions to amend the Comprehensive Development Plan. The court invalidated the amendment to the Comprehensive Development Plan. The trial court concluded that because the designations of Parcels 1 and 2 were inconsistent with their zoning classifications, the ordinances were confiscatory and unconstitutional. The trial court then directed as follows:
1. The City was directed to promptly reconsider the appellee's petitions for zoning and plan changes after proper notice and hearings.
2. If, upon reconsideration by the City, the land use designation pursuant to the plan and the zoning classification of the three parcels remained inconsistent, upon request of appellees, the City shall issue such building permits as may be consistent with such other regulations relating to health, safety and welfare as do not relate to zoning, including the land use and density requirements.
3. If, upon reconsideration, the land use designation pursuant to the plan and the zoning classification of the three parcels is made consistent, a ruling shall be entered for the City and against the appellees in this case.
4. Appellees shall be allowed to amend their petition for zoning changes to include a request for an amendment to the land use designation pursuant to the plan as it relates to Parcel No. 3 and the same shall be considered by the City concurrent with its reconsideration of the petitions for Parcels 1 and 2.

* * * * * *
6. The Court reserves jurisdiction to enter such other orders as are necessary to effectuate the intent of this ruling or to modify this order or any part hereof.
The appellees herein filed a notice of interlocutory appeal with the First District Court which was transferred to the Supreme Court. The assignments of error allege that the trial court erred (1) in upholding *738 the 4/5 vote requirement; (2) in applying the requirement to land use plan changes; and (3) in voiding the ordinances passed pursuant to a 3 to 2 vote of the City Commission. In Hope v. City of Gainesville, 355 So.2d 1172 (Fla. 1977) the Supreme Court upheld the 4/5 vote requirement and remanded the case to the trial court.
On October 24, 1978, this Court filed its Opinion in City of Gainesville v. Cone, 365 So.2d 737 (Fla. 1st DCA, 1978). Appellant considered this case to control the issues involved in the lower court proceeding inasmuch as that decision held that the adoption of the comprehensive development plan did not change the zoning or land use regulations in effect prior to the adoption of the Comprehensive Development Plan. The development plan was to serve merely as a guide for future decisions relating to rezoning petitions and growth and development of the city.
The appellees filed petitions with the City's planning board consistent with the lower court's order to have the parcels rezoned. These petitions were advertised for hearing February 15, 1979. At the February 15, 1979, meeting, the appellees' petitions were tabled and the planning board initiated its own petitions which would render the zoning and the Comprehensive Development Plan consistent, but which would deny appellees the zoning change they sought. Because the appellees' petitions were tabled at the February 15 meeting, the appellees filed a motion for final judgment with the lower court. By Final Judgment rendered March 22, 1979, the trial court held that the decision of the Supreme Court on the interlocutory appeal controlled the issue and that City of Gainesville v. Cone, supra, did not affect that ruling. The court found that the zoning ordinances as it relates to parcels one and two of appellees' property is confiscatory and amounts to an illegal taking. The City was ordered to issue such building permits as may be consistent with such other regulations relating to health, safety and welfare as do not relate to zoning, including land use and density requirements.
We reverse. The inconsistency in the zoning and the Comprehensive Development Plan did not render the zoning confiscatory and unconstitutional. In City of Gainesville v. Cone, supra, this court determined that the Comprehensive Development Plan was a guide for future zoning, but that it did not affect existing zoning. Appellees are therefore entitled to use their property consistent with the zoning that existed prior to the adoption of the Comprehensive Development Plan. This issue was not raised in City of Gainesville v. Hope, supra, so that decision does not control.
In light of the disposition made of the above issue, the remaining issues raised by the parties need not be considered.
Reversed and remanded for proceedings consistent herewith.
MILLS, C.J., and McCORD, J., concur.