WENTWORTH, Judge.
The City of Jacksonville seeks review of an order enjoining the City from enforcing the existing zoning classification as to ap-pellee’s property. We find record support for the conclusion of the trial judge that the existing zoning classification effectively deprives appellee of all reasonable use of the property, and we affirm the order appealed.
Appellee’s property is a narrow lot in an area, one mile in length, zoned OR (open-rural); the lands on either end of this one-mile strip are zoned so as to permit commercial development, and have been extensively so developed. Because of the narrowness of appellee’s property the city building code would prohibit residential construction had the property not been a “lot of record” prior to the code’s enactment. While such construction was thus permitted, the record contains evidence of current unmarketability of a residence built on the property which supports the finding that the restriction as a practical matter deprives appellee of reasonable use of the property. In addition to the narrowness of the lot, the record supports a conclusion that all reasonable use, including marketability, for such residence was destroyed by the surrounding commercial intrusion and the traffic problems created by the fronting street’s use as a connector road between commercial developments.
A zoning authority’s determinations are of course entitled to great deference, precluding judicial intervention so long as the prescribed restriction is reasonably debatable. Broward County v. Capaletti Brothers Inc., 375 So.2d 313 (Fla. 4th DCA 1979); Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979). Upon appeal, however, the determination of a trial court that a zoning classification precludes any reasonable use of property and has no reasonably debatable relationship to public safety, health or welfare, should be sustained when the record supports that determination. Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975). We conclude that the trial judge correctly applied the law in enjoining the City from enforcing against appellee’s property any zoning classification more restrictive than CPO (commercial-professional-office), which the evidence indicates is the next most restrictive classification.
The order appealed is affirmed.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents with opinion.