PER CURIAM.
King’s Bay Property Owners Association, Inc. appeals from a court order of July 24, 1980, denying various motions to dismiss, vacate, or set aside court orders of July 19, 1978, and confirming the June 14, 1973 order granting certain zoning exceptions and variances to appellees, Robert W. Ryan and Joseph W. Ryan (Promontory, Limited).
The Association raises four points on appeal: (1) the trial court lacked jurisdiction in 1973 to grant a trial de novo, (2) the trial court lacked jurisdiction in 1978 to enter an order which modified the 1973 final judgment, (3) there was a misrepresentation in 1978 regarding ownership of the land which affected the court’s decision with respect to substantial compliance of site plans, and (4) the court erred in entering the June, 1980 order because the matter had not been remanded to the County Commission as required by the 1978 order.
The facts are summarized as follows. Paradise Point is an undeveloped peninsula of approximately seventy-four acres which juts out into South Biscayne Bay and is adjacent to a now inoperative Florida Power & Light plant. Florida Power & Light owns a small triangular piece of the land in the northwest corner of the peninsula. The remaining property was owned by Robert and Joseph Ryan in 1972 and is currently owned by Promontory, Limited and H. J. Ross.
In 1972 the Ryans presented a site plan to the Dade County Building and Zoning and Planning Departments which approved the proposed development of forty-eight townhouse units, pool, tennis courts, boat storage facilities, marina, restaurant, a lounge complex, and a yacht club. The Ryans applied to the Metropolitan Dade County Zoning Appeals Board for special exceptions and variances necessary for the development. The Board, and subsequently on appeal, the Dade County Commission, denied the application. The Ryans then initiated a new suit in Circuit Court challenging the existing zoning ordinances.
On June 14, 1973, the Circuit Court entered a final judgment granting special exceptions and variances with respect to the development of the Paradise Point property and stating that additional government agencies must give final approval to the development of the approximate twenty-four acres left from the original seventy-four, and retaining jurisdiction for the purpose of entering further orders necessary to enforce the judgment.
In 1978, Promontory, Limited as new owner, wished to proceed with development and requested the Court to declare that a new site plan dated March 1, 1978 was in substantial compliance with the 1972 site plan. In a supplemental motion, Promontory attached a' revised and third site plan dated May 15, 1978. On July 19, 1978, the Circuit Court held that the March 1, 1978 plan was in substantial compliance with the 1972 plan but expressly remanded the cause to the County Commission for the limited purpose of determining whether certain differences in the May 15, 1978 plan were also acceptable to the County. The Court also stated that “nothing in this order shall be deemed to release plaintiff’s successors from obtaining such approvals necessary to development of the project, if any, as may be required from others than defendant.”
On November 8, 1978, the Property Owners Association, filed motions to intervene and set aside the court order of July 19, 1978 confirming approval of the March 1, 1978 plan. On July 24, 1980, the Circuit Court issued the order denying the motions.
*1359 We uphold the determination by the Circuit Court that it had subject matter jurisdiction in this case. The Ryans’ attack on the unconstitutionality of the existing zoning ordinance as related to their property provided a proper basis for the exercise of jurisdiction. Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla.1978). Where the Court acts in the type of case which it determines to be within its competence and there is no clear usurpation of power, the judgment will not be rendered void. See, e. g., Lubben v. Selective Service System, 453 F.2d 645, 649 (1st Cir. 1972); Carter v. United States, 135 F.2d 858 (5th Cir. 1943).
We find also that the trial court had jurisdiction to enter the July 19, 1978 order confirming and clarifying the 1973 judgment because the court expressly retained jurisdiction for the purpose of enforcing the June, 1973 order. The 1978 order is an unconditional approval of the March 1, 1978 site plan which was determined to be in substantial compliance with the 1972 plan. The approval of the March 1, 1978 site plan is not affected by remand to the County of the May 15, 1978 plan. Accordingly, we find that with respect to approval of a site plan, the 1978 order is an enforcement and not a modification of an existing order. See, e. g., Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975), dismissed, 330 So.2d 15 (Fla.1976).
The 1978 order did not release the plaintiffs from other approvals necessary to the development of the project. We find, however, that the trial court erred in omitting from the July 19, 1978 order the specific language of prior approval. Accordingly, we remand with instructions to conform the July 19,1978 order to the 1973 judgment by including the express requirement that “additional government agencies must likewise give their final approval of the development of the appropriate twenty-four acres left from the original seventy-four. . . . ”
We find the Association’s third argument to be without merit. The record shows that evidence in 1973 was sufficient to find that the Court had knowledge of Florida Power & Light’s ownership of the northwest triangle of the Point. In addition, the Court had before it in 1978 both the March 1, 1978 site plan and the revised May 15, 1978 site plan. The May 15, 1978 plan indicates in typed legend that Florida Power & Light owned one acre and that the stated gross acres did not include the Florida Power & Light property. From this record evidence, and absent other evidence sufficient to support appellant’s argument of misrepresentation, we can only conclude that the Circuit Court was aware in 1973 and in 1978 that appellant did not own the triangular piece of Paradise Point.
We also reject appellant’s fourth argument and agree with appellee that the July 19, 1978 order specifically directed the County to accept and process the March 1978 site plan as an approved site plan in substantial compliance with the June 14, 1973 final judgment. This order is not contingent upon the results of a review by the County Commission of the May 15, 1978 site plan.
Affirmed in part; reversed in part and remanded with instructions to correct the order of July 19, 1978 consistent with this opinion.