## MEZRAH v. TOWN OF LONGBOAT KEY
### Case No. 79-2040
Twelfth Judicial Circuit, Manatee County
September 9, 1983

Henry P. Trawick, Jr., for plaintiff.

W. Robert Mann and Scott R. Christiansen, for defendant.

HARRY C. PARHAM, Circuit Judge

This action was tried before the court. On the evidence presented, the court makes the following findings of fact and conclusions of law:

A. Plaintiff owns the real property described in the amended complaint that is located within the limits of Longboat Key, Florida. It is located between the Gulf of Mexico on the westerly and Gulf of Mexico Drive on the easterly.

B. At all times relevant to this action plaintiff's property was zoned Z-2 that provides for multifamily residential zoning.

C. The property is subject to the coastal construction setback requirements of Florida law and of defendant. If no change is made in the setback requirements, the small triangular parts of plaintiff's property that is outside of the setback requirements cannot be used for any useful structure, much less a multifamily residential building.

D. Plaintiff decided to construct residential condominium units on the property and obtained tenative approval from the State of Florida, Department of Natural Resources for a variance fom the coastal construction setback requirements of Florida law, subject to obtaining a variance from defendant in accordance with defendant's ordinances than in effect.

E. Plaintiff applied to defendant for a variance. The variance was necessary because defendant's ordinances at the time and at all relevant times thereafter, required a variance and permitted only R-1 residential buildings on the property. Defendant granted the variance. No appeal was taken from the granting of the variance within the time allowed for taking an appeal.

F. At an earlier time in this action the court found the ordinance authorizing the variance to be unconstitutional because it set no standards by which the Town Commission of defendant was to be guided in granting the variances. Subsequently defendant has adopted an ordinance authorizing such variances and prescribing certain standards, but still restricted to single family residential uses.

G. Plaintiff's variance was revoked by defendant at a meeting for which plaintiff was given no notice and at which plaintiff was not permitted to speak. The action of defendant was precipitated by a public outry that was generated by intervenor and resulted in a purely political response by defendant to political activities by intervenor and others similarly disposed.

H. Plaintiff expended large sums of money in preparing drawings and specifications, obtaining surveys, obtaining various permits and in otherwise planning to develop the property or, alternatively, became obligated to pay sums for these items or, alternatively had the services furnished by persons who intended to receive the benefit of those services as a result of the successful completion of plaintiff's development. Regardless of the precise method by which the services were to be compensated, plaintiff expended the time, effort and money, or one or more of them, for the purpose of trying to develop the property.

I. No competent substantial evidence was submitted by defendant to show the unsuitability of the beach for building purposes other than single family residential.

J. The Department of Natural Resources does not consider the coastal construction control line as a line prohibiting construction, but as a demarcation of the dynamic effects associated wit a 100 year storm event. The State grants permits to build seaward of the control line as long as it meets certain criteria set by the State. Since this is State policy, the same principles must govern defendant in its enforcement of State policy through its own ordinances that are to the same effect.

K. The "hardship" faced by plaintiff in developing his property is a hardship that has been imposed by law or, perhaps, more accurately stated by the philosophy followed by defendant in the implementation of law.

L. The unconstitutionality of the ordinance has been used by defendant to deny equal protection of the laws and due process to plaintiff. The failure of defendant to adopt ordinances or regulations consistent with State policy concerning the control line so as to permit the use of the property for the purposes for which defendant has zoned it and without providing an adequate mechanism by which plaintiff's rights to use his

land for zoned purposes can be achieved has resulted in a denial to plaintiff of the right to use his land in any reasonable manner.

M. The Town ordinances are in hopeless and, possibly, unconstitutional conflict when zoning plaintiff's land as R-2 and then by the subterfuge of setback lines and a specific restriction on variances preventing plaintiff from using the land for the purposes for which defendant itself has zoned it after defendant has given due consideration to the public health, welfare, morals and safety in adopting its comprehensive zoning ordinance and so it is

ADJUDGED that:

1. Plaintiff has a right to use his property for multifamily purposes under R-2 zoning in accordance with the comprehensive zoning ordinance of defendant.

2. Defendant must provide a mechanism by which plaintiff can use his property as it is zoned and cannot preclude the R-2 zoning use of the property by setback lines and a refusal to vary the setback lines under the circumstances of this case.

3. The mechanism by which plaintiff is permitted to pursue his development must be fair, impartial and cannot set standards for compliance that in themselves constitute a hardship or prevent the reasonable use of the property as zoned.

4. Defendant TOWN OF LONGBOAT KEY shall have 90 days from the date of this final judgment within which to establish a mechanism by which plaintiff may pursue his rights to develop his property as provided in this final judgment. If the mechanism cannot be developed within the time allowed, defendant TOWN OF LONGBOAT KEY may apply for an extension of time on good cause shown.

5. If defendant does not provide the mechanism for plaintiff to exercise his rights, the failure will constitute a taking of plaintiff's property and defendant shall institute eminent domain proceedings in this action or independently for the condemnation of plaintiff's property and the assessments of plaintiff's damages as provided by law.

6. If defendant elects to provide the mechanism for the exercise of plaintiff's rights, this court reserves jurisdiction in the manner provided in *Kings Bay Property Owners Association v. Ryan*, 403 So.2d 1356 (3 DCS 1981) for the purpose of enforcing this final judgment and of according plaintiff his rights.