485 So.2d 1349 (1986)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant.
v.
Samuel BRISKER and Gertrude Brisker, His Wife, and Eleanor Krieg and Anna Maultasch, Appellees.
No. 84-2803.
District Court of Appeal of Florida, Third District.
April 1, 1986.
*1350 Robert A. Ginsburg, Co. Atty., and Eileen Ball Mehta, Asst. Co. Atty., for appellant.
Steel, Hector & Davis and Darrey A. Davis, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.

REVISED OPINION
BASKIN, Judge.
The litigation involved in this appeal pertains to the validity of a Dade County zoning ordinance as applied to appellees' property. The property had been zoned for various forms of residential use since the date it was acquired by appellees in 1954. In 1981, appellees sought to reduce the density of the permitted residential use from 12.9 units per acre to half-acre homesites. Although the Building and Zoning Director recommended approval, the Planning Director objected and applied for and obtained a rezoning to agricultural use. As a result, the property owners instituted an action for declaratory relief, contending that the zoning ordinance subjected them to unconstitutionally discriminatory treatment. The trial court agreed and entered judgment in their favor; the court remanded the cause for rezoning to appropriate residential use. Metropolitan Dade County [the County] appeals.
The County's main challenge is addressed to the merits of the trial court's ruling. The County asserts that the proximity of agricultural property to a portion of appellees' land justifies the rollback to agricultural use consistent with the Comprehensive Development Master Plan [Master Plan]. The County maintains that the application of the zoning ordinance is at least fairly debatable, a standard which mandates reversal. We disagree and affirm.
The property involved in this case is an irregularly shaped parcel; a portion of the property extends to Bauer Drive. Through the County's application of the zoning ordinance at issue here, appellees' property would be the only parcel on the south side of Bauer Drive zoned for agricultural use. In its final judgment, the trial court found:
The zoning map shows platted subdivisions containing approximately 90 single family residential parcels located South of plaintiffs' property The zoning map includes 22 parcels of land, excluding the residential subdivisions, within the area involved. Of the total 22 separate parcels, only 4 are zoned for agricultural use. The remaining 18 parcels are zoned for residential or business use. The critical neighborhood reflected by the zoning map consists of a mixed blend of residential and agricultural use, which has existed without change for many years.
.....
It appears that there has been no change in the character of the neighborhood. A mixed blend of residential and agricultural use has existed for many years without change. In fact, the trend, if any, has been toward the construction of some single family residences within the area. No sign of increased agricultural use has been demonstrated.
.....
The Court finds that under factual circumstances established by the trial evidence the Board of County Commissioners on December 3, 1981, applied the provisions of the County's general zoning ordinance to the particular real property owned by plaintiffs in a discriminatory manner that denied to plaintiffs the equal protection of the laws. The proposed continued residential use of the subject property would not constitute a land use detrimental to the public health, safety, welfare or morals. The action denying any residential use of the subject property and restricting the use to agricultural only unlawfully infringes upon plaintiffs' constitutionally protected property rights.
The trial court found that the Master Plan would not preclude appellees' continued residential use of the property. See Dade County v. Florida Mining & Materials *1351 Corp., 364 So.2d 31 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979).
A crucial factor in reaching our decision arises from the testimony of Reginald Walters, the Planning Director for Dade County. Mr. Walters testified that the Master Plan provided that it did not affect or change any conflicting zoning in existence at the time of the adoption of the Master Plan in 1979. Appellees' property was zoned for residental use at the time the Master Plan was adopted and had been zoned for some form of residential use for approximately thirty years. Thus, the residential use of appellees' property was "grandfathered in" when the master plan was adopted. This determination is consistent with prior case law. In City of Gainesville v. Cone, 365 So.2d 737, 739 (Fla. 1st DCA 1978), the first district stated:
The adoption of the Comprehensive Development Plan did not change the zoning or land use regulations of a single parcel of property in the City. The existing zoning categories remained in full force and effect and still remain in full force and effect. It was not the intention of the Comprehensive Development Plan nor that of the City Commission which adopted it to place any of its suggestions or provisions in force. They were to serve merely as a guide for future decisions relating to rezoning petitions and growth and development of the City.
The same principle applies to the subject property.
The County rests its argument primarily upon the fairly debatable test: where an ordinance is open to dispute or controversy on grounds that are fairly debatable, it is improper for a court to substitute its judgment for that of the zoning authority. See Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979). The fairly debatable standard, however, assumes the absence of "arbitrariness, invidious discrimination, or confiscation in a constitutional sense." Broward County v. Capeletti Brothers, Inc., 375 So.2d 313, 315 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 755 (Fla. 1980). In this case, the record discloses the existence of those discriminatory circumstances rendering the application of the zoning ordinance to appellees' property so unreasonable and discriminatory as not to be "fairly debatable." See Capeletti Brothers. Furthermore, testimony of the former Director of the Building and Zoning Department indicated that continued residential use of the property would have no adverse effect on the guidelines and objectives of the Master Plan. While it is true that the amount of acreage in the area zoned agricultural exceeds the number of acres zoned residential, it is also true that the number of parcels zoned residential greatly exceeds the number of properties zoned agricultural. The area involved in this case consists of a mixed blend of residential, business, and agricultural uses in existence for many years. We find, therefore, that the trial court's protection of appellees' long-standing rights is appropriate under the circumstances involved here and under existing law.
We find no merit in the County's jurisdictional and res judicata arguments under the facts of this case. See King's Bay Property Owners Association v. Ryan, 403 So.2d 1356 (Fla. 3d DCA 1981); Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla. 1978); Harris v. Goff, 151 So.2d 642 (Fla. 1st DCA 1963).
Affirmed.
FERGUSON, J., concurs.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the final judgment appealed from and remand with directions to deny the plaintiff property owners the relief which was sought below.
In my view, the trial court has simply substituted its judgment for that of the county commission in a fairly debatable zoning matter and has imposed what it considers to be the more appropriate zoning for the parcel of land in this case. *1352 Nothing remotely approaching a required equal protection violation has been demonstrated below to upset the zoning ordinance herein, and the court, in its opinion, falls far short of explaining why the zoning herein was discriminatory, arbitrary, and so devoid of any reason as not to be fairly debatable. Indeed, the court's own recitation of the facts herein demonstrates the mixed blend of residential and agricultural zoning in the area where the plaintiff's property is located  which belies any contention that somehow the plaintiff's parcel was singled out for discriminatory treatment when it was zoned for agricultural use. I think the zoning ordinances under attack were fairly debatable and that the trial court's judgment which reaches a contrary conclusion should therefore be reversed. See Broward County v. Capeletti Brothers, 375 So.2d 313, 314-16 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 755 (Fla. 1980).

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is considered as directed to the accompanying revised opinion and is denied.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.[*]

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The motion for rehearing en banc is denied.
BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN and FERGUSON, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
Because I believe that the majority panel opinion is not in "uniformity" with a host of this court's decisions applying the fairly debatable rule to similar situations, e.g., Dade County v. Inversiones Rafamar, S.A., 360 So.2d 1130 (Fla. 3d DCA 1978); Moviematic Industries Corp. v. Board of County Commissioners, 349 So.2d 667 (Fla. 3d DCA 1977), and that the departure from that doctrine renders the case of far-reaching and "exceptional importance," I would grant the motion for rehearing en banc upon both of the grounds authorized by Florida Rule of Appellate Procedure 9.331(a).
DANIEL S. PEARSON, J., concurs.
NOTES
[*] Judge Jorgenson is recused from consideration of this case.